UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEERLESS INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1768 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| CRIMSON AV, LLC; and | ) | Magistrate Judge Susan E. Cox |
| VLADIMIR GLEYZER | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

Plaintiff Peerless Industries, Inc. ("plaintiff") sued defendants Crimson AV, LLC and its Managing Director Vladimir Gleyzer ("defendants") in part for patent infringement and design patent infringement arising out of defendants' manufacture and sale of certain TV mounts. Plaintiff has filed a renewed motion for sanctions because of defendants' failure to comply with three of the Court's previous orders on the production of discovery. Plaintiff now asks that the Court issue an order requiring defendants to: produce all documents within fourteen days; bear plaintiff's cost of attorneys' fees for this motion, a prior motion for sanctions, and a prior motion to compel, and; provide a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify about defendants' document production and to bear the reasonable costs of that deposition. Plaintiff also requests that the Court enter a finding of fact that defendants copied plaintiff's drawings and to find defendants in contempt, warranting a *per diem* fine until production is complete.

For the reasons stated, we grant the motion in that defendants must product all documents

by July 11, 2012 and must bear the costs of the three motions. The motion is denied, however, as to plaintiff's requests relating to the 30(b)(6) witness, the drawings, and the *per diem* fine.

**I.  FACTUAL BACKGROUND**

Unless otherwise stated, the following facts are from plaintiff's Third Amended Complaint.[1] Plaintiff and defendants are competitors in the television mount industry. Plaintiff sells certain television mounts with distinctive arm and tilt bracket designs that are protected by patent. As part of the manufacture of these mounts, plaintiff signed a contract to purchase equipment manufactured by Sycamore Manufacturing Co., Ltd. ("Sycamore"), a company based in China.

To assist Sycamore in the manufacture of the mounts, plaintiff supplied Sycamore with proprietary information and equipment. On March 29, 2010, plaintiff terminated its contract with Sycamore. Plaintiff now alleges that after termination Sycamore failed to return the proprietary information. Two months after termination, defendant Crimson AV was formed and hired defendant Gleyzer, a former executive for plaintiff. Two months after that, Sycamore began shipping mounting equipment to defendants, who in turn began producing television mounts.

Plaintiff now alleges that Crimson AV, with help from Mr. Gleyzer and Sycamore, based its TV mount designs on plaintiff's confidential designs and drawings. Plaintiff asserts that it cannot provide any direct evidence of its own to prove these allegations but, rather, must rely on documents controlled by defendants, such as the defendants' detail and assembly drawings. Plaintiff alleges that an analysis of these drawings' sources, along with a comparison of the drawings to plaintiff's own designs and drawings, is the only way for it to provide direct evidence of this facet of its allegations.

---

[1] Dkt. 55.

## II. PROCEDURAL HISTORY

On August 9, 2011, the district court referred this case for discovery supervision and a settlement conference.[2] On September 15, 2011, the Court held a discovery conference and ordered that all electronic discovery be produced in Tagged Image Format or Portable Document Format with an accompanying load file containing the metadata and searchable text.[3] The Court also ordered defendants to image and preserve defendant Gleyzer's computer.[4] At the conference, the Court asked the parties to brief the issue of whether or not Sycamore's documents were within defendants' control.[5] After considering both positions, the Court concluded that Sycamore's documents were within defendants' control.[6]

On January 23, 2012, plaintiff filed a motion to compel as a result of defendants' failure to respond to plaintiff's third set of requests for document production.[7] On January 26, 2012, the parties agreed before the Court that defendants would produce the documents in question by February 15, 2012.[8] On February 15, defendants produced 5,000 pages worth of documents.[9] But several aspects of plaintiff's document request were missing from this production, such as email attachments and the sender and recipient information of the emails.[10]

Consequently, on March 5, 2012, plaintiff filed a motion for sanctions. On March 13, 2012, the Court granted the motion in part and denied it in part.[11] The Court ordered defendants to produce

---

[2] Executive Committee Order, 2, dkt. 64.
[3] Minute Order dated 9/15/2011, dkt 75.
[4] *Id.*
[5] Minute Order dated 10/24/2011, dkt. 82.
[6] *Id.*
[7] Pl's Mot. to Compel Prod. of Docs., 1-2, dkt. 85.
[8] Minute Entry dated 1/26/2012, dkt. 87.
[9] Pl's Mot., 2.
[10] *Id.* at 3-4.
[11] Minute Entry dated 3/13/2012, dkt. 93.

a complete set of documents by March 27, 2012, but denied the motion for sanctions without prejudice so that a subsequent sanctions motion, should it be necessary, could include attorneys' fees for that motion as well.[12] By March 27, defendants had provided more than a thousand pages of documents. Plaintiff, however, alleges that production was still incomplete.[13]

On April 30, 2012, plaintiff filed a renewed motion for sanctions.[14] According to plaintiff, defendants had produced documents that did not contain any of Sycamore's files, any of defendant Gleyzer's personal files, complete detail and assembly drawings, complete metadata, or any files pertaining to plaintiff's document requests Nos. 2, 3, 5, 7, 9-13, 18, 19, 22, 27-30, 32, and 33.[15] Plaintiff also claims that it was unclear whether defendants had searched and included any documents from the files of a Crimson employee, Theodore Radu.[16]

### III. DISCUSSION

On May 3, 2012, the Court instructed defendants to focus their response to this motion on what documents had been produced and when, and not on whether the discovery was overly burdensome.[17] But defendants, instead, focused their response on the burdensome nature of plaintiff's discovery requests. Whether defendants find the discovery to be overly burdensome is irrelevant. Defendants agreed in open court to produce the documents and then failed to do so.

Therefore, plaintiff asks the Court to compel the complete production of these documents and to award reasonable costs for the filing of this motion, the prior motion for sanctions, and the prior motion to compel. Plaintiff also seeks to compel the presentment of a 30(b)(6) witness and to

---

[12] *Id.*
[13] Pl's Mot., 4-5, dkt. 94.
[14] Dkt. 94.
[15] *Id.*
[16] *Id.* at 6.
[17] Transcript of Proceedings dated May 3, 2012, Ex. A, at 4:14-18.

shift the costs for the deposition to the defendants. Lastly, plaintiff requests a finding of fact that defendants copied its TV mount design, and also the implementation of a *per diem* fine until discovery is completed.

Rule 37(b) of the Federal Rules of Civil Procedure permits granting motions for discovery sanctions when a party fails to comply with a court order that has already been made to compel production.[18] Such sanctions can include designating the matters in question as facts, rendering a default judgment against the disobedient party, or awarding reasonable costs of attorneys' fees.[19]

One notable problem with defendants' response is that they fail to identify a single document produced that came from Sycamore. Defendants also assert that they included metadata for the emails provided, yet do not counter plaintiff's assertion that the metadata production was incomplete.[20] Similarly, defendants do not dispute plaintiff's allegations that the enumerated requests for document production listed above have gone unfulfilled.

With respect to the drawings, defendants did not produce any detail drawings until the day plaintiff filed this renewed motion for sanctions, over a month after the agreed upon deadline.[21] As a result, plaintiff was not able to examine the drawings before filing its motion. In plaintiff's reply, however, it alleges that the detail and assembly drawings that defendants provided appear to be modified and incomplete.[22] Additionally, plaintiff asserts that some of the drawings appear to have multiple versions that have not been included.[23] For example, one drawing is labeled as "Revision

---

[18] Fed.R.Civ.P. 37(b)(2).
[19] Fed.R.Civ.P. 37(b)(2)(A)-(C).
[20] Def's Resp., 6.
[21] *Id.* at 9; *see* fn 12 (ruling that defendants were to respond to all document requests by March 27, 2012).
[22] Pl's Reply, 9-11.
[23] *Id.* at 10.

4," yet versions 1-3 are not included.[24] Similarly, plaintiff alleges that almost half of the drawings provided have had information such as the "last modified dates" altered.[25] Because plaintiff only raised these issues in its reply, defendants did not have the opportunity to refute them. Yet defendants were responsible for this lack of opportunity because of their tardiness in producing the documents on the day plaintiff filed its renewed motion. We, therefore, grant plaintiff's motion with respect to requiring defendants to produce within 14 days: all documents from Sycamore, all relevant documents from Mr. Gleyzer's personal files, complete metadata for all emails, all documents relating to plaintiff's document requests Nos. 2, 3, 5, 7, 9-13, 18, 19, 22, 27-30, 32, and 33, and a complete and unmodified collection of detail and assembly drawings. The Court also awards plaintiff costs for the reasonable attorneys' fees for this motion, the prior motion for sanctions, and the prior motion to compel, as defendants have habitually failed to meet deadlines and to heed the instructions of the Court.

Plaintiff next suggests that defendants have refused to provide a witness pursuant to Rule 30(b)(6) to testify regarding document production. But defendants have merely refused to produce such a witness on an accelerated schedule, not refused to produce one at all.[26] Defendants' stance is not unreasonable because plaintiff informed defendants that the witness would not be needed before the filing of this motion.[27] After the testimony has been taken on the originally agreed upon schedule, plaintiff will be able to address its concerns with respect to whether defendants fully complied with its requests relating to Mr. Radu's emails and defendant Gleyzer's laptop or laptops. Therefore, plaintiff's requests requiring defendants to produce and pay for the deposition of a

---

[24] *Id.*
[25] *Id.* at 9-10.
[26] Def's letter to pl., May, 29, 2012, Pl's Reply, Ex. B.
[27] *Id.*

30(b)(6) witness are unnecessary and denied.

As a final matter, the Court declines to enter a finding of fact that defendants created the products in question by copying plaintiff's confidential drawings. We also do not find the defendants' failures to constitute contempt warranting a *per diem* fine. Plaintiff seems to infer from defendants' discovery failures that they are intentionally trying to hide the fact that they copied plaintiff's drawings. Although defendants have proven to be less than thorough in their discovery thus far, there is no basis for the suggestion of something more serious, such as intent to mislead. Completed discovery will prove illustrative with respect to this issue of fact. With respect to the *per diem* fine, the fee shifting for the three motions should in itself constitute sufficient motivation to secure complete compliance from defendants. Consequently, such a fine is superfluous.

### IV. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part plaintiff's motion for sanctions under Rule 37(b) [dkt. 94]. The Court hereby orders defendants to produce full and complete discovery as outlined above and awards plaintiff costs for the three motions. Plaintiff is to submit a bill of costs by July 9, 2012.

**IT IS SO ORDERED.**

_____
U.S. Magistrate Judge
Susan E. Cox

Date: June 27, 2012