UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEERLESS INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-1768 |
| ) | |
| v. ) | Judge Joan H. Lefkow |
| ) | |
| CRIMSON AV, LLC; and ) | Magistrate Judge Susan E. Cox |
| VLADIMIR GLEYZER ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

In this lawsuit Peerless Industries, Inc. ("plaintiff") has sued defendants Crimson AV, LLC and its Managing Director Vladimir Gleyzer ("defendants") claiming patent infringement and design patent infringement arising out of defendants' manufacture and sale of certain TV mounts. Closely related to this action, though not a party, is Sycamore Manufacturing Co., Ltd. ("Sycamore"). Sycamore is plaintiff's former supplier of these TV mounts and is located in China.

With limited time remaining in discovery, plaintiff has filed two motions: (1) a motion to compel the deposition of Tony Jin [dkt. 119]; and (2) a renewed motion for sanctions [dkt. 123]. For the reasons set forth, we grant both motions and extend the discovery deadline to January 31, 2013. Mr. Jin is ordered to appear for his deposition in the Northern District of Illinois on or before January 31, 2013. Plaintiff is instructed to submit a bill of costs for the preparation of its motion for sanctions on or before January 31, 2013 and any response to the bill of costs is to be filed by February 8, 2013.

A. **Plaintiff's Motion to Compel Deposition of Tony Jin**

Mr. Jin is the president of China-based Sycamore. He is also the subject of our previous ruling on plaintiff's motion to compel documents. In that ruling we held that defendant Crimson was in control of Sycamore documents and found that the evidence suggested that Mr. Jin was "principal of both Crimson and Sycamore, and that he exercise[d] a considerable amount of financial and managerial control over both corporations."[1] Now before us is plaintiff's motion to compel Mr. Jin's deposition in the Northern District of Illinois, where Crimson's corporate headquarters is located.

Defendants argue that plaintiff is improperly implicating Federal Rule of Civil Procedure 30, which governs depositions, to expose a foreign national who is not an employee or officer of defendant Crimson to appear in the United States. Defendants agree that under Rule 30(b)(1), whether Mr. Jin can be compelled to appear for a deposition depends on whether he is potentially a "managing agent" of defendant Crimson. Defendants argue that he is not because there has been no conclusive showing that Mr. Jin exercises judgment and discretion over defendants, he is not defendant Crimson's employee, and though Mr. Jin's interests align with defendants, that does not justify exposing his company to the cost of traveling to the United States.

The previous testimony in this case, primarily that of defendant Mr. Gleyzer, Crimson's own managing director, was the basis for our finding that Mr. Jin exercised managerial control over both Sycamore and Crimson. In this context, our conclusion is the same. Courts have generally found a company's "managing agent" to be current employees with authority over day-to-day business

---

[1] Dkt. 82, p. 2.

decisions, but not every case involves an employee.[2] Courts assess several factors to determine whether an individual is a managing agent: (1) whether the individual has powers to exercise judgment and discretion in corporate matters; (2) whether the individual can testify, at the corporation's request, in response to the requested discovery; (3) whether there are other employees who have more authority or information concerning the issues in the case; (4) what the individual's general responsibilities are with respect to the matters in the litigation; and (5) whether the individual can be expected to identify with the interests of the corporation.[3] No factor is dispositive but principally important is the degree of control the individual has over the corporation's "affairs at issue in the case."[4]

Mr. Jin appears to satisfy nearly every factor. As we outlined in our previous order, Mr. Gleyzer described Mr. Jin's role at Sycamore and Crimson by testifying that: "'(1) Sycamore is essentially Crimson,' (2) '[Mr.] Jin is the center of the Crimson entity,' (3) Sycamore pays for Crimson's inventory, (4) Sycamore pays for Crimson's operating expenses, (5) Crimson and Mr. Jin jointly decide what products Crimson will sell, (6) Crimson does not send Sycamore purchase orders to receive products, and (7) Mr. Jin pays Mr. Gleyzer."[5] Though defendants argue that plaintiff has not shown "conclusively" that Mr. Jin exercises discretion, or that Mr. Jin has the "most" responsibilities with respect to the matters in this litigation, that is not the standard. Plaintiff must simply show "that there is at least a close question as to whether the witness is a managing agent."[6]

---

[2] See Murata Manufacturing Co., Ltd. v. Bel Fuse, Inc., 242 F.R.D. 470, 476 (N.D. Ill. 2007)(citing JSC Foreign Economic Ass'n Technostroyexport v. Int'l Development and Trade Services, Inc., 220 F.R.D. 235, 238 (S.D.N.Y.2004); E.E.O.C. v. Honda of America Mfg., Inc., 2007 WL 682088, *2 (S.D.Ohio 2007)).
[3] Murata Manufacturing Co., 242 F.R.D. at 476.
[4] Id.
[5] Dkt. 82, p. 2.
[6] Louis Vuitton Malletier v. Dooney & Bourke, Inc., No. 04C5316, 2006 WL 3476735, *14 (S.D.N.Y. Nov. 30, 2006)(quoting Boss Mfg. Co. v. Hugo Boss AG, 1999 WL 20828, at *4 (S.D.N.Y. Jan. 13, 1999)).

We already found this to be the case. Furthermore, Mr. Jin clearly satisfies the "'paramount test,'" which is whether the individual identifies with the corporation's interests as opposed to an adversary's.[7] Discovery, then, "may proceed on the basis of a provisional determination of managing-agent status, with the final resolution of that question left for post-discovery proceedings."[8]

The next question is where Mr. Jin's deposition should take place. It is true that when a foreign corporation is doing business in the United States and is brought into litigation here, exceptions are often made to the general rule that depositions are to be taken at the corporation's place of business.[9] But plaintiff argues that because Mr. Jin is so intertwined with Crimson, we should simply employ the standard rule that the deposition is to take place at the corporation's principal place of business- Crimson's principal place of business - not Sycamore's.[10] Plaintiff also refers to the United State's "interest in maintaining the integrity of its judicial system and the power of its jurisdiction over persons doing business in the United States."[11] And specific factors militate in favor of conducting Mr. Jin's deposition locally, namely to reduce cost and increase efficiency.[12] Plaintiff explains, and defendants do not dispute, that there is only one individual who would need

---

[7] *In re Honda Am. Motor Co., Inc.,* 168 F.R.D. 535, 541 (D.Md. 1996).
[8] *Louis Vuitton Malletier,* No. 04-5316, 2006 WL 3476735 at *14.
[9] *See Custom Form Mfg., Inc. v. Omron Corp.,* 196 F.R.D. 333, 336 (N.D. Ind. 2000); *see also Playboy Enter. Intern., Inc. v. Smartitan,* No. 10C4811, 2011 WL 5598358, *2 (N.D. Ill. Nov. 17, 2011)(citing the rule that the location depends on the forum most convenient to all parties and that serving judicial economy).
[10] *Playboy Enter. Intern., Inc. v. Smartitan,* No. 10C4811, 2011 WL 5598358, *2 (N.D. Ill. Nov. 17, 2011); *but see Louis Vuitton Malletier,* No. 04-5316, 2006 WL 3476735 at *15 (noting that the ordinary rule is that the deposition of the corporate employee take place "where they work").
[11] *In re Honda Am. Motor Co., Inc.,* 168 F.R.D. 535, 539 (D.Md. 1996).
[12] *Playboy Enter. Intern., Inc.,* No. 10C4811, 2011 WL 5598358 at *2 (listing the factors courts assess when determining the required location of a corporation's deposition, such as "(1) whether the time and expense of travel presents a hardship to the deponent; (2) whether the deponent engages in travel for business purposes; (3) the ability of the court to intervene should a dispute arise during the deposition proceedings; and (4) the location of legal counsel.").

to travel to the United States - Mr. Jin - as opposed to counsel for both parties traveling to China only to then have to retain Chinese local counsel to conduct the deposition.

Defendants have also not filed a motion for protective order and barely recite reason to require the deposition to go forward in China. Defendants merely argue that Crimson is a small company and that plaintiff should be required to follow the admittedly more laborious precepts of the Hague Convention and take the deposition in China. But without any special showing of hardship, we find defendants' position does not outweigh the time and expense to plaintiff and its counsel to go to China. Plaintiff's motion is, therefore, granted and Mr. Jin is directed to sit for his deposition in the Northern District of Illinois.

**B.     Plaintiff's Renewed Motion for Sanctions**

This marks the third motion plaintiff has filed relating to essentially the same set of documents. Plaintiff explains that it was only after the recent 30(b)(6) deposition of Crimson's corporate representative, Mr. Gleyzer, that it became clear that defendant did not conduct a reasonable investigation regarding Sycamore's document production or Sycamore's document retention for purposes of this litigation. Mr. Gleyzer was apparently unable to answer questions about Sycamore's computer and backup systems, what searches were performed, which employees would have relevant information, whether a document hold had been implemented, or whether employees at Sycamore were even contacted regarding plaintiff's document requests.

Defendants respond that of course a corporate designee of Crimson cannot identify what the agents, employees, or principals of Sycamore - a Chinese company - did. Put simply, defendants argue that they have always been clear that they are not privy to the actions of Sycamore. Then defendants refer plaintiff to the declarations from Mr. Gleyzer and Mr. Jin. Mr. Gleyzer stated that

he "understood" documents "would be located on the hard drives" of a laptop that was preserved.[13] Mr. Jin's declaration provides that "everything that Sycamore has in terms of technical drawings relating to the accused products were provided."[14] Our review of Mr. Jin's declaration indeed confirms that he claims any other "versions" of drawings that plaintiff has referenced no longer exist.[15] Mr. Jin also stated that employees have checked Sycamore's documents for certain requested emails but "have not found any such documents."[16]

To plaintiff's point, these declarations do not state that *all* the requested documents were produced, or that they were searched for but no longer exist. These are also the same declarations that were filed back in July 2012 in support of defendants' motion to reconsider. It was after that time that we instructed defendants to state under verification if, in fact, they had nothing more to produce to plaintiff.[17] It appears defendants would prefer to rely on these same declarations rather than issuing a more specific response to plaintiff's discovery.

We again return to our previous ruling; we found defendant Crimson was "able to obtain the relevant documents from Sycamore" because Mr. Jin was principal of both Crimson and Sycamore and that he exercised a considerable amount of control over both corporations.[18] This order of course required defendants to contact individuals at Sycamore and play a role in obtaining the necessary discovery. What is evident from Mr. Gleyzer's deposition, however, is that defendants took a back seat approach and instead let the process proceed through a vendor. Mr. Gleyzer testified that there was a process outlined "I guess by the vendor" so the vendor provided instruction to Mr. Jin on how

---

[13] Mr. Gleyzer's Decl., Defs' resp., exh. A ¶¶3-4, dkt. 128.
[14] Mr. Jin's Decl., Defs' resp., exh. B ¶4, dkt. 128.
[15] Mr. Jin's Decl., Defs' resp., exh. B, ¶5, dkt. 128.
[16] *Id.* at ¶8.
[17] Dkt. 104.
[18] Dkt. 82, p. 2.

to collect documents.[19] Crimson, or at least Mr. Gleyzer himself, then had no part in the process of obtaining the requested discovery or of determining how Sycamore managed their documents and what might be relevant to plaintiff's requests.

Such a hands-off approach is insufficient. Because of the control or "close coordination" between the two companies, defendants were required to produce the requested information.[20] Defendants cannot place the burden of compliance on an outside vendor and have no knowledge, or claim no control, over the process. Defendants must produce all responsive documents, even if those documents are held by Sycamore, because we have already determined that the separation of the two companies "'cannot be used as a screen to disguise the coordinated nature'" of their business.[21]

Defendants would like us to accept their assertion that they have provided everything. But without more, neither this Court nor plaintiff can be satisfied with only this statement. Defendants must show that they in fact searched for the requested documents and, if those documents no longer exist or cannot be located, they must specifically verify what it is they cannot produce. Defendants are ordered to do this by January 31, 2013. Discovery is extended for this purpose and to allow for the deposition of Mr. Jin to occur by this date. The motion for sanctions is granted. Plaintiff is

---

[19]Gleyzer Dep., pl's mt, exh. 1 at 29, dkt. 123-1.
[20]See Johnson v. Cloos Intern., Inc., No. 89C8483, 1990 WL 106560, *2 (N.D. Ill. July 11, 1990).
[21]See Japan Halon Co., Ltd. v. Great Lakes Chemical Corp., 155 F.R.D 626, 627 (N.D. Ind. 1993)(quoting In Re Uranium Antitrust Litigation, 480 F.Supp. 1138 (N.D. Ill. 1979)).

ordered to submit a bill of costs for the preparation of the motion for sanctions on or before January 31, 2013. Any response to the bill of costs is to be filed by February 8, 2013.

**IT IS SO ORDERED.**

U.S. Magistrate Judge
Susan E. Cox

Date: January 8, 2013