# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PEERLESS INDUSTRIES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 11 C 1768** |
| **v.** | ) | |
| | ) | **Hon. Joan H. Lefkow** |
| **CRIMSON AV LLC, and VLADIMIR** | ) | |
| **GLEYZER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Presently before the court are objections filed by defendants, Crimson AV, LLC ("Crimson") and Vladimir Gleyzer ("Gleyzer"), to Judge Cox's rulings on June 27, 2012, January 8, 2013, and February 7, 2013.[1] The objections relate to discovery motions filed by plaintiff, Peerless Industries, Inc.'s ("Peerless") [dkts. 102, 140, and 163]. For the foregoing reasons, Crimson and Gleyzer's objections are denied and Judge Cox's rulings from June 27, 2012, January 8, 2013, and February 7, 2013 are affirmed.[2]

---

[1] Crimson and Gleyzer's objections were timely filed within 14 days of Judge Cox's respective rulings and are properly before the court. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

[2] The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

Peerless claims that Crimson and Gleyzer are liable based on their manufacture and sale of television mounts.[3] On May 23, 2007, Peerless entered into a supply agreement with Sycamore Manufacturing Co., Ltd. ("Sycamore), a Chinese manufacturer. As of approximately March 29, 2010, Peerless terminated the supply agreement with Sycamore. On May 20, 2010, Crimson was incorporated as a limited liability company with the Illinois Secretary of State. Gleyzer, who previously worked at Peerless, began working for Crimson on August 1, 2010 as managing director after Sycamore's president, Baohua "Tony" Jin, inquired if Gleyzer would be interested in starting a company in the United States. Beginning in July 2010, Sycamore began shipping audio-visual equipment to Crimson from China and Crimson began producing television mounts for sale in the United States. Peerless alleges that Crimson, with the help of Sycamore and Gleyzer, based the design of its television mounts on Peerless's confidential designs and drawings thus giving rise to its claim for damages.

On October 24, 2011, Judge Cox granted Peerless's request to deem Sycamore documents within Crimson's control under Federal Rule of Civil Procedure 34, which requires a party to products relevant documents in its possession, custody, or control when requested to do so by another party. *See* Fed. R. Civ. P. 34; Dkt. 82. Peerless had sought from Crimson emails and computer-aided design drawings of the accused products on Sycamore's servers. Judge Cox, noting that a sufficient relationship existed between Crimson, Sycamore, and Jin, found that Peerless met its burden under Rule 34 in compelling Crimson to produce Sycamore documents.

---

[3] Peerless seeks damages for patent infringement, violation of the Illinois Trade Secrets Act, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. The court dismissed Peerless's claims for violation of the Illinois Trade Secrets Act and civil conspiracy. *See* Dkt. 110.

2

Judge Cox found that Jin was a "principal of both Crimson and Sycamore, and that he exercise[d] a considerable amount of financial and managerial control over both corporations." (Dkt. 82 at 2.)

On January 23, 2012, Peerless filed a motion to compel its third set of requests for documents sent to Crimson and Gleyzer. On January 26, 2012, the parties agreed that Crimson and Gleyzer would produce the documents by February 15, 2012. On that date, Crimson and Gleyzer produced 5,000 pages of documents; however, Peerless argued that this production was incomplete. On March 5, 2012, Peerless filed a motion for sanctions, which on March 13, 2012, Judge Cox granted in part and denied in part. Judge Cox instructed Crimson and Gleyzer to produce the remaining documents by March 27, 2012. Peerless again argued that Crimson and Gleyzer's document production was incomplete and filed a renewed motion for sanctions.

On June 27, 2012, Judge Cox granted in part Peerless's motion for sanctions finding that Crimson and Gleyzer's production was incomplete. Judge Cox ruled that Crimson and Gleyzer were to produce within 14 days "all documents from Sycamore, all relevant documents from Mr. Gleyzer's personal files, complete metadata for all emails, all documents relating to plaintiff's documents requests Nos. 2, 3, 5, 7, 9–13, 18, 19, 22, 27–30, 32, and 33, and a complete and unmodified collection of detail and assembly drawings." (Dkt. 100 at 6.) Judge Cox additionally awarded costs to Peerless in connection with bringing its three prior motions for sanctions finding that "defendants have habitually failed to meet deadlines and to heed the instructions of the Court." (*Id.*)

On July 11, 2012, Crimson and Gleyzer filed a combined motion to reconsider and objection to Judge Cox's June 27, 2012 order. They argued that they produced all of the

documents relevant to Peerless's request in their possession.  In addition, they provided declarations from Gleyzer and Jin.  Gleyzer stated that he provided electronic files and produced hard drives of the requested Crimson computers to an e-discovery consultant for imaging and preservation although he was not involved in performing the searches for documents from these computers.  Jin stated that he had provided documents or electronic files and technical drawings; Sycamore did not keep all versions of every drawing; and that they could not find emails between Gleyzer and Sycamore prior to Gleyzer being hired by Crimson.  On July 19, 2012, Judge Cox denied the motion for reconsideration of her June 27, 2012 order ruling that "[i]f defendant does not have further production, then the defendant is instructed to state as much under verification."  (Dkt. 104.)

On November 14, 2012, Peerless deposed Gleyzer, who was Crimson's Rule 30(b)(6) witness.  During the deposition, Gleyzer was unable to answer questions about Sycamore's document production and retention for purposes of this litigation.  Peerless filed a renewed motion for sanctions based on Crimson and Gleyzer's failure to produce Sycamore's documents. Peerless also filed a motion to compel the deposition of Jin in the Northern District of Illinois. On January 8, 2013, Judge Cox granted Peerless's motions ruling that Crimson and Gleyzer failed to show that they adequately searched for the documents Peerless had requested.  Judge Cox also found that Jin is a managing agent of Crimson for purposes of Rule 30(b)(1) and that Peerless could compel his deposition in the Northern District of Illinois.  Crimson and Gleyzer subsequently filed a motion for a protective order requesting that Jin's deposition proceed by video conference; however, on February 7, 2013, Judge Cox denied that request.

**LEGAL STANDARD**

Rule 72(a) governs a district court's review of a magistrate judge discovery-related decision. Fed. R. Civ. P. 72(a); *Banks* v. *Enova Fin.*, No. 10 C 4060, 2012 WL 5995729, at *2 (N.D. Ill. Nov. 30, 2012). Under Rule 72(a), the district court reviews a magistrate judge's ruling on a non-dispositive matter under a "clearly erroneous" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under the clear error standard, the district court may overturn a magistrate judge's determination only if the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks* v. *Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "In general, a magistrate judge's choice between two permissible views of the facts will not meet the clearly erroneous standard." *Banks*, 2012 WL 5995729, at *2; *see also Webb* v. *CBS Broadcasting, Inc.*, No. 08 C 6241, 2011 WL 842743, at *2 (N.D. Ill. Mar. 8, 2011). A party "may obtain discovery regarding any matter that is relevant and not privileged." *Semien Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) (citing Fed. R. Civ. P. 26(b)(1)). Rule 34 provides that "a party may request, among other things, the production of documents that 'constitute or contain matters within the scope of Rule 26(b)' and are in the custody or control of another party." *Gile* v. *United Airlines*, *Inc.*, 95 F.3d 492, 495 (7th Cir. 1996) (quoting Fed. R. Civ. P. 34(a)).

**ANALYSIS**

I.     **June 27, 2012 Order**

Crimson and Gleyzer contend that Judge Cox made the following incorrect findings in her June 27, 2012 order: (1) Crimson and Gleyzer failed to identify a single document that came from Sycamore; (2) they failed to provide all relevant documents from Gleyzer's personal files;

5

(3) they did not produce complete metadata; (4) they failed to specifically answer certain document requests made by Peerless; and (5) they failed to produce detail drawings until the day Peerless filed its third motion for sanctions. They also rely on Gleyzer and Jin's declarations to show that they complied with Peerless's discovery requests. *See* Dkts. 102-1, 102-2.

First, Crimson and Gleyzer argue that Judge Cox erred in finding that documents produced from Sycamore were not identifiable. For example, they note that emails from Sycamore are identifiable by email address and detail drawings produced by Sycamore are clearly identified in the lower right hand corner. The Sycamore documents also contain Chinese characters. Peerless contends that Crimson and Gleyzer failed to identify, through bates numbers or metadata, which documents came from Sycamore. Crimson and Gleyzer argue that Peerless could deduce which documents came from Sycamore rendering explicit identification unnecessary. Judge Cox's determination that Crimson and Gleyzer failed to adequately specify the Sycamore documents is not clearly erroneous. Peerless requested that Crimson and Gleyzer note which documents came from Sycamore and they failed to do so.

Second, Crimson and Gleyzer also provide that they produced personal files from Gleyzer's computer; however, Peerless argues that the production of these documents was deficient. Crimson and Gleyzer rely on Gleyzer's declaration, which provided that he produced the hard drives of the requested Crimson computers to an e-discovery consultant for imaging and preservation. (Dkt. 102-2.) While he was not involved in the search performed on these computers, Gleyzer believed that responsive documents would be located on the hard drives. This declaration was not provided until after Judge Cox issued her June 27, 2012 order. Moreover, it does not indicate that Crimson and Gleyzer searched the hard drives and that all

responsive documents from the computers were produced. Accordingly, Judge Cox did not err in finding that Crimson and Gleyzer failed to produce Gleyzer's personal files.

Third, Crimson and Gleyzer argue that they produced all of the metadata requested by Peerless, but Peerless contends that Crimson and Gleyzer failed to produce all of the required metadata and in the correct format. Peerless notes that Crimson and Gleyzer did not produce author information, information about whether the file was stored, and revision histories for computer-aided designs. In addition, Crimson and Gleyzer's production process changed the format in which the metadata was produced. Based on the deficiencies identified by Peerless, Judge Cox did not err in ruling that Crimson and Gleyzer's production was also insufficient.

Fourth, Crimson and Gleyzer argue that they produced all of the design drawings. They also rely on Jin's declaration, which was submitted after Judge Cox's June 27, 2012 ruling. Jin's declaration, however, notes that "Sycamore does not keep all versions of every drawing. Superseded versions get destroyed periodically, with only the current version being retained." (Dkt. 102-1.) Jin's declaration does not conclusively answer whether all the design drawings have been produced. It merely provides that some drawings were destroyed while the most current version was retained. Accordingly, Judge Cox did not err in finding that Crimson and Gleyzer failed to produce the requested design drawings.

Last, Crimson and Gleyzer argue that Peerless cannot identify the specific documents that they have failed to produce. In addition, they contend that the declarations of Gleyzer and Jin demonstrate that they have searched for the documents requested by Peerless. The declarations, as noted by Peerless, do not definitively state that all requested documents have been produced. Furthermore, Crimson and Gleyzer have not produced the verification that Judge

Cox requested.  Judge Cox thus did not err in entering sanctions against Crimson and Gleyzer for

failing to produce the requested documents in her June 27, 2012 order.

## II.      January 8, 2013 Order

### A.      Sycamore's Documents

Crimson and Gleyzer contend that Judge Cox erred in granting Peerless's renewed

motion for sanctions after Gleyzer's deposition.  During his deposition, Gleyzer was unable to

answer questions regarding Sycamore's computer and backup systems, what searches were

performed, which employees would have relevant information, whether a document hold had

been implemented, or whether employees at Sycamore were contacted regarding Peerless's

document requests.  Based on an earlier finding "of the control or 'close coordination' between

the two companies," (Dkt. 132 at 7), Judge Cox ruled that Crimson and Gleyzer's "hands-off"

approach to the document production, which placed their burden to collect documents from

Sycamore on an outside vendor, was insufficient.  *Id.*

Crimson and Gleyzer argue that Gleyzer was Crimson's Rule 30(b)(6) witness, and as

such, could not answer questions about how Sycamore retained and collected documents.  Judge

Cox previously ruled that a sufficient relationship existed between Crimson, Sycamore, and Jin,

finding that Peerless met its liberal burden under Rule 34 in compelling Sycamore documents

from Crimson.  (Dkt. 82.)  Gleyzer's deposition, moreover, revealed a disconnect between

Crimson and Sycamore for purposes of responding to Peerless's document requests.  Jin and

Gleyzer's subsequent declarations do nothing to show that Crimson and Gleyzer have fully

complied with Peerless's document requests.  Judge Cox informed Crimson and Gleyzer that this

problem could be obviated if they provided a verification that no additional responsive

documents exist.  But they have failed to do so and rely on their previous declarations, which do

not pass muster.  *Cf. In re Subpoena Duces Tecum to Ingeteam, Inc.*, No. 11-MISC-36, 2011 WL

3608407, at *1 (E.D. Wis. Aug. 16, 2011) ("[I]n the context, of either Rule 34 (production of

documents by party to litigation) or Rule 45 (production of documents by third-parties to

litigation), relevant documents cannot be hidden by a parent corporation overseas, even though

the court does not have personal jurisdiction over the foreign parent.").  Accordingly, Judge Cox

did not err in granting Peerless's renewed motion for sanctions after Gleyzer's recent deposition.

### B.    Deposition of Jin

In her January 8, 2013 order, Judge Cox also ruled that Jin was Crimson's managing

agent for the purpose of Rule 30(b)(1) and that he could be deposed in the Northern District of

Illinois.  Crimson and Gleyzer argue that Jin was not Crimson's managing agent and that he

should not have to bear the burden of traveling from China to the Northern District of Illinois for

his deposition.

Under Rule 30(b)(1), a party is entitled to identify and notice a deposition for a managing

agent.  Fed. R. Civ. P. 30(b)(1); *Playboy Enter. Int'l., Inc.* v. *Smartitan (Singapore) Pte. Ltd.*,

No. 10 C 4811, 2011 WL 5529928, at *1 (N.D. Ill. Nov. 14, 2011).  Courts look to the following

factors to determine whether an individual is a managing agent: "(1) whether he has general

powers allowing him to exercise judgment and discretion in corporate matters; (2) whether he

can be relied on to testify, at the corporation's request, in response to the discovery proponent's

demands; (3) whether there are any other employees who have more authority than the

individual in regard to information concerning the subject matter at issue in the case; (4) his

general responsibilities respecting the matters involved in this litigation; and (5) whether he can

be expected to identify with the interests of the corporation." *Murata Mfg. Co.* v. *Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007).

Judge Cox previously ruled that Jin was a "principal of both Crimson and Sycamore, and that he exercise[d] a considerable amount of financial and managerial control over both corporations." (Dkt. 82 at 2.) In finding that Jin is a managing agent of Crimson, Judge Cox concluded that Jin satisfied nearly every factor of the aforementioned test. Namely, Judge Cox, relying on Gleyzer's testimony, found that,

> (1) 'Sycamore is essentially Crimson,' (2) '[Mr.] Jin is the center of the Crimson entity,' (3) Sycamore pays for Crimson's inventory, (4) Sycamore pays for Crimson's operating expenses, (5) Crimson and Mr. Jin jointly decide what products Crimson will sell, (6) Crimson does not send Sycamore purchase orders to receive products, and (7) Mr. Jin pays Mr. Gleyzer.

(Dkt. 132, at 3; Dkt. 82 at 2.)

Crimson and Gleyzer contend that Peerless has not clearly established that Jin exercises judgment and discretion regarding Crimson's corporate matters.[4] Peerless, however, need not make the showing advocated by Crimson and Gleyzer. Peerless need only demonstrate "that there is at least a close question as to whether the witness is a managing agent" to compel Jin's deposition. *Malletier* v. *Dooney & Bourke, Inc.*, No. 04 Civ. 5316, 2006 WL 3476735, at *14 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks omitted). Peerless has made this showing, noting for example, that Jin has provided three declarations in connection with this lawsuit and

---

[4] Crimson and Gleyzer additionally argue that Jin's role in the present lawsuit is not a sufficient basis for seeking his deposition, and that Peerless and Sycamore are currently arbitrating the same allegations Peerless leveled against Crimson and Gleyzer in the present lawsuit. Crimson and Gleyzer argue that allowing Jin's deposition in the case would be an abuse of process considering the pending arbitration between Peerless and Sycamore. Despite the ongoing dispute between Peerless and Sycamore, the close relationship between Jin, Sycamore, and Crimson make a deposition of Jin as a managing agent of Crimson under Rule 30(b)(1) appropriate.

10

that Crimson's interests are aligned with those of Sycamore. Based on Gleyzer's testimony and Peerless's evidence, the relationship between Jin, Sycamore, and Crimson is intertwined such that Judge Cox did not err in concluding that Jin is a managing agent of Crimson for purposes of Rule 30(b)(1) and compelling his deposition in the Northern District of Illinois.

## III.    February 7, 2013 Order

Jin currently lives in China. In their objection to Judge Cox's January 8, 2013 ruling, Crimson and Gleyzer requested that Jin's deposition proceed via video conference should he be deemed to be a managing agent of Crimson. Crimson and Gleyzer, however, did not offer this conciliation to Judge Cox before she issued her January 8, 2013 order. Subsequently, they filed a motion for a protective order to allow Jin's deposition to proceed via video conference at a mutually agreeable time. Peerless notes, however, that Chinese law prohibits Jin's deposition from proceeding in China without approval from the government of the People's Republic of China.[5] Absent such approval, participants in the deposition could be subject to imprisonment. In light of this authority, Judge Cox did not err in denying Crimson and Gleyzer's request that the deposition proceed via video conference in China. *Accord Fausto* v. *Credigy Servs. Corp.*, 251 F.R.D. 427, 430 (N.D. Cal. 2008) ("The [plaintiffs] argue persuasively that there is good cause to hold these deposition in the United States rather than Brazil: according to the U.S. Department of State, it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment.").

---

[5] Peerless cites to a bulletin from the United States Department of State titled "China Judicial Assistance," which provides in relevant part that "China does not permit American attorneys in China to take depositions for use in foreign courts. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants." (Dkt. 158 at 12.)

Alternatively, Crimson and Gleyzer argue that Jin's deposition should proceed via video conference at a location closer to Jin and identify Taiwan as a potential venue.[6]  In support, Crimson and Gleyzer also submit a declaration from Jin who states that traveling to Chicago will entail substantial costs and require more than 30 hours of travel.  (Dkt. 144-1.)  Jin also states that his work requires him to be in China and that traveling to the United States for his deposition will cause a hardship to him and his business.  (*Id.*)  "[C]ourts have great discretion in designating the location of taking a deposition."  *Mintel Int'l Grp., Ltd.* v. *Neergheen*, No. 08 C 3939, 2008 WL 4148524, at *1 (N.D. Ill. Sep. 3, 2008).  A presumption exists that a managing agent under Rule 30(b)(1) should be deposed in the district of the corporation's principal place of business.  *See*, *e.g.*, *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[A] foreign corporation's Rule 30(b)(6) and managing agent witnesses should presumptively be deposed in the district of the corporation's principal places of business.").

In considering the hardship that Jin contends he will suffer, the court is not convinced that Judge Cox's ruling that Jin appear for a deposition in the Northern District of Illinois was erroneous.  As noted by Peerless, Jin will have to travel outside of China for the deposition regardless of where it takes place.  Although Jin contends that traveling for the deposition will render a hardship on him and his business, he is a managing agent of Crimson, which is located in Illinois as are its attorneys and the attorneys for Peerless.  Jin has not provided a sufficient basis to overcome the presumption of having the deposition take place in the Northern District of

---

[6]  Because Crimson and Gleyzer did not present Taiwan as an alternative venue in their objection to Judge Cox's February 7, 2013 order, it was not properly preserved for this court's review.  *See* Fed. R. Civ. P. 72(a).  Still, to streamline this process, the court will consider the argument.

Illinois.  Accordingly, Crimson and Gleyzer's objection to Judge Cox's ruling denying their request for a protective order is denied.

## CONCLUSION AND ORDER

Crimson and Gleyzer's objections to Judge Cox's June 27, 2012, January 8, 2013, and February 7, 2013 rulings [dkts. 102, 140, and 163] are denied.  The court affirms Judge Cox's well reasoned orders.

Dated: March 22, 2013                    Enter: _____
                                                 JOAN HUMPHREY LEFKOW
                                                 United States District Judge