## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1768 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Peerless Industries, Inc. vs. Crimson AV, LLC | | |

**DOCKET ENTRY TEXT**

Defendants' motion to compel the production of documents from Marshall Brown is denied without prejudice [dkt. 198]. Defendants' motion to depose Gennady Plavnik is granted [dkt. 214]. Defendants' motion to compel documents is denied, without prejudice [dkt. 213].

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

### STATEMENT

There are three additional discovery motions defendants Crimson AV, LLC and Vladimire Gleyzer have filed at the close of discovery. First, defendants filed a motion to compel the production of documents from Marshall Brown, patent counsel for plaintiff, Peerless Industries, Inc. [dkt. 198]. Mr. Brown was the prosecuting attorney and involved in the prosecution of the patents in suit, but is not trial counsel in this matter. Defendants claim that he is the "sole person" who made the determination of who were to be listed as inventors, yet left off one of the inventors, Gennady Plavnik, and failed to disclose a part of the invention at issue. Defendants have also filed a motion to depose Gennady Plavnik, the alleged previously "undisclosed" inventor [dkt. 214]. Finally, defendants have filed a motion to compel documents they originally requested on January 29, 2013 [dkt. 213].

We first address defendants' motion related to Mr. Brown. On February 6, 2013, defendants issued a Rule 30(b)(6) notice of deposition seeking Mr. Brown's deposition in March. Attached to the subpoena was a rider requesting certain documents be produced. Then several days later, on February 14, defendants issued a separate subpoena to produce those same documents in an effort to obtain the documents prior to the deposition. Within 14 days of the second subpoena, plaintiff timely responded with a letter to defendants outlining its objection.[1]

But we are left to guess why the deposition did not go forward because neither side provides any explanation. (Defendants simply state in their reply that despite agreeing to depose Mr. Brown on March 15, "the deposition never occurred"). Additionally, defendants' motion requests only that the court compel documents pursuant to the subpoena. But in their reply brief, defendants also request that we require Mr. Brown to sit for his deposition.

Plaintiff has no particularly compelling argument against allowing this discovery, except for timing. Plaintiff argues that defendants strategically decided to file a motion for summary judgment before the close of discovery, their motion is now fully briefed, and they should not be able to continue to seek out discovery. Yet plaintiff concedes that, should their motion ultimately be denied, defendants could seek leave to depose Mr. Brown at that time.

For procedural purposes, we have to agree with plaintiffs. Defendants have already filed all the briefs

relating to both motions for summary judgment pending before the district judge. This deposition and these documents are only helpful to them if, in fact, their motion is denied. Though it is true that we did not stay discovery in this case - so technically the parties were required to complete all necessary discovery in this case by April 22, 2013 - it would seem inefficient at this late date to open discovery again only for information that cannot be used in the dispositive motions currently pending before the district court. This goes back to our previous point, made in open court, that defendants' decision to file a motion for summary judgement before the close of discovery, claiming in that motion that their facts rebut the presumption of validity and "no amount of additional discovery will controvert the public record and facts admitted by Peerless,"[2] has only complicated the case.

Regarding defendants' second motion, they seek leave to depose Mr. Plavnik because plaintiff, on the eve of the close of discovery, withdrew its subpoena of Mr. Plavnik. Defendants claim this has prejudiced them because they were intending to question him on the true inventorship of P'850, the patent at issue, as well as other issues.

Our ruling could well be the same as noted above. And for purposes of efficiency and cost, it would be more prudent for the parties to wait. But ultimately we agree that if the parties had the understanding that this deposition was going forward, it is unfair to allow plaintiff's last minute decision to now prohibit defendants from taking this deposition. We, therefore, will allow defendants to go forward with the deposition, despite having noted that this discovery may not even be necessary. (Despite our ruling, in their motion relating to Mr. Brown, defendants indicated that they have already filed a subpoena and set a deposition for Mr. Plavnik on May 16).

Finally, defendants seek documents from plaintiffs that relate to their Third Request for Production of Document and Inspection of Tangible Things, issued on January 29, 2013. Defendants explain that plaintiff objected on March 4, but for no explained reason, the parties did not have their meet and confer on this issue until April 19, 2013. Here, defendants seek the prototypes of the P'850 bracket, and its predecessor designs, sample brackets that appear to be prototypes, and documents relating to the concealment by plaintiff of the best mode of the invention, as identified by the inventors in their depositions.

Here, again, plaintiff's objection is, and was, based on the fact that defendants had moved for summary judgment on infringement, so their requests for documents were unnecessary to the resolution of that motion. Plaintiff reiterates its request to stay discovery and allow defendants to seek this additional information if their motion is denied.

Though we do not agree with plaintiff's approach, because we at no point stayed discovery so their objections on that basis were improper, we also assume defendants filed their motion for summary judgment at such an early date to, perhaps, avoid the costs of protracted discovery. As noted, they also claimed that they did not need additional discovery to support their position. For this reason, we will deny defendants' motion at this time, but we leave open the possibility that this discovery may be relevant should defendants' motion be denied, as their motion was indeed filed prior to the close of discovery.

**Conclusion**
Defendants' motion to compel the production of documents from Marshall Brown is denied without prejudice [dkt. 198]. Defendants' motion to depose Gennady Plavnik is granted [dkt. 214]. Defendants' motion to compel documents is denied, without prejudice [dkt. 213].

1. Fed.R.Civ.P. 45(c)(2)(b).

2. Defs' Memo., dkt. 191.