# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1768 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Peerless Industries, Inc. vs. Crimson AV, LLC | | |

**DOCKET ENTRY TEXT**

Defendants Crimson AV, LLC and Vladimire Gleyzer raises two related matters in its Motion for Sanctions [dkt. 212] and its Supplement to Motion for Sanctions [dkt. 215]. The first motion for sanctions is based on the allegedly improper instructions given by plaintiff Peerless Industries, Inc. ("Peerless") to its designated Rule 30(b)(6) witness Nicholas Belacore. The second, supplement to its motion for sanctions, is based on Peerless' failure to produce certain documents relating to Peerless' trade secrets claim until after Mr. Belacore's deposition. For the reasons stated below, both motions are granted in part. We agree that Peerless improperly instructed its witness not to answer questions relating to its trade secrets claims and should have produced the documents relating to that claim prior to that deposition. The court's remedy for both discovery violations is the same: reconvene Mr. Belacore's deposition at Peerless' expense so that questions concerning Peerless' claims for trade secrets violations can be answered.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

Defendants Crimson AV, LLC and Vladimire Gleyzer ("Crimson") raises two related matters in its Motion for Sanctions (dkt. 212) and its Supplement to Motion for Sanctions (dkt. 215). The first motion for sanctions is based on the allegedly improper instructions given by plaintiff Peerless Industries, Inc. ("Peerless") to its designated Rule 30(b)(6) witness Nicholas Belacore. The second, supplement to its motion for sanctions, is based on Peerless' failure to produce certain documents relating to Peerless' trade secrets claim until after Mr. Belacore's deposition. For the reasons stated below, we agree that Peerless improperly instructed its witness not to answer questions relating to its trade secrets claims and should have produced the documents relating to that claim prior to that deposition. The court's remedy for both discovery violations is the same: reconvene Mr. Belacore's deposition at Peerless' expense so that questions concerning Peerless' claims for trade secrets violations can be answered.

With respect to the first motion, Peerless has made claims in this case that Crimson has misappropriated its trade secrets. Peerless asked for the basis for this claim in interrogatories it served, which the Court ordered that Peerless fully answer, and to the extent that it was relying on specific documents, that it identify those documents by bates number so that Crimson would fully be aware of the scope and extent of Peerless' claims (dkt. 201). In conjunction with its effort to learn more about the basis of Peerless' claim, Crimson also served a Rule 30(b)(6) notice. Topic 12 of that notice stated that the identified witness should be prepared to testify about "[a]ll trade secrets that Plaintiff contends were misappropriated, including all information supporting Peerless' claims for trade secret misappropriation contained in the Third Amended Complaint." Although Peerless did not object to this topic prior to the deposition, its counsel repeatedly objected to questions such as "are you contending that every piece of electronic information that was transmitted to Sycamore was

**STATEMENT**

misappropriated,"[1] and "why do you contend that the blueprints constitute a trade secret"[2] and "which blueprints does Peerless contend Crimson and Mr. Gleyzer used to their advantage."[3] At this point in the deposition, Peerless' counsel instructed his witness not to answer any more topics concerning Topic 12 because the questions called for a legal conclusion. (The parties unsuccessfully tried to reach the Court about this disagreement, but were advised to file a motion as the Court was not available.)

Counsel's instructions to his witness not to answer questions were improper. Rule 30(c)(2) makes it plain that "[a] person may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[4] None of these circumstances were present in the instant case. Counsel's objection notwithstanding, the witness should have been instructed to answer the question to the best of his ability, particularly when he was the witness designated by Peerless on this very topic. Any objection to the scope of the notice was waived when Peerless failed to make it to Crimson prior to the deposition or to seek a protective order from the Court prior to the deposition. In addition, the objection is not well-taken. As the Court has noted on the record many times, Crimson is entitled to know the factual basis for the trade secrets contention. Although it is up to the Court to determine whether the information is legally entitled to trade secret protection under the applicable legal standards, it is not improper for Crimson to inquire what the factual basis for the contention is. The use of the word "contend" does not render the question off-limits in discovery if the witness can factually answer it, or there would no basis for contention interrogatories, which are routinely allowed.[5] If the witness did not know the answer, or could not answer the question completely, he could have so stated.

To make matters worse, it appears that Peerless did not fully answer the Interrogatories concerning trade secrets until two days after the deposition of Mr. Belacore. Therefore, Crimson did not have this information when it deposed Mr. Belacore, the witness identified as having knowledge about this object matter. Peerless really has no explanation why this is so.

Accordingly, the Court directs the parties to reconvene Mr. Belacore's deposition so that Crimson can fully explore Topic 12 with the benefit of the documents which have been produced. That deposition is limited to three hours. Peerless is to pay for the court reporter and for three hours of one of Crimson's attorney's time as a sanction for its conduct outlined above.

---

[1] Belacore Dep. p.11.

[2] *Id.* at 21.

[3] *Id.* at 28.

[4] *See also Sprecht v. Google, Inc.,* 268 F.R.D. 596 (N.D. Ill. 2010).

[5] *See Howell v. Standard Motor Products*, 2001 WL 456241, *3 (N.D. Tex, April 27, 2001)(stating that there is no basis for the objection "calls for a legal conclusion" in the Federal Rules of Civil Procedure which would justify a failure of the witness to answer the question).