# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1768 | **DATE** | 5/14/2013 |
| **CASE TITLE** | Peerless Industries, Inc. vs. Crimson AV, LLC | | |

**DOCKET ENTRY TEXT**

Defendants have filed a motion for an *in-camera* inspection of a particular document inadvertently produced by plaintiff [dkts. 230, 231]. Defendants seek a ruling that this document is discoverable, and not to be returned to plaintiff, because of the crime-fraud exception. We deny that request and find plaintiff's inadvertent disclosure did not waive the attorney-client privilege.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Defendants have filed a motion for an *in-camera* inspection of a particular document inadvertently produced by plaintiff [dkts. 230, 231]. Defendants seek a ruling that this document is discoverable, and not to be returned to plaintiff based on the inadvertent disclosure provision of the parties' protective order, because of the crime-fraud exception. We deny that request and find plaintiff's inadvertent disclosure did not waive the attorney-client privilege.[1]

The crime-fraud exception "'places communications made in furtherance of a crime or fraud outside the attorney-client privilege.'"[2] Courts recognize that when legal advice relates "'not to prior wrongdoing, but to future wrongdoing,'" the attorney-client privilege no longer applies.[3] Essentially, the purpose of this exception is to avoid the privilege being used to shield communications made for the commission of a fraud or a crime.

Here, defendants claim that this document demonstrates that the law firm representing plaintiff filed, and continues to pursue, a lawsuit against defendants knowing that it is without legal merit. Defendants reference portions of the document, arguing that plaintiff's counsel recognized plaintiff did not have a strong patent infringement claim, and noted that litigation would only "distract and delay" defendants entry into the market place.[4] But plaintiff's potential improper goal in pursuing this case does not constitute a crime or fraud. Though plaintiff's counsel may have advised their client that it had a weak legal claim, we simply cannot stretch the crime-fraud exception to reach to this type of circumstance.

Defendants also argue that it should be awarded sanctions pursuant to 28 U.S.C. § 1927, a statute that allows sanctions when an attorney has pursued a claim that is without plausible legal or factual basis, or has pursued a case that a "reasonably careful attorney" would have known to be unsound.[5] But we also have no basis upon which to find that plaintiff's claims are "entirely without support."[6] "The statute sets a high bar of misconduct before sanctions may be awarded by the court," and we simply cannot say that even this statement by plaintiff's counsel has met that bar.[7]

We do acknowledge, however, that there is a claim that can be made when a party seeks not to obtain a judgment but to "obtain a competitive advantage independent of the outcome of the case by piling litigation costs

**STATEMENT**

on a competitor": abuse of process, which is a tort suit.[8]

> But a proceeding for an award of attorneys' fees is not a suit; it is a tail dangling from a suit. We don't want the tail to wag the dog, and this means that an elaborate inquiry into the state of mind of the party from whom reimbursement of attorneys' fees is sought should be avoided. It should be enough to justify the award if the party seeking it can show that his opponent's claim or defense was objectively unreasonable—was a claim or defense that a rational litigant would pursue only because it would impose disproportionate costs on his opponent—in other words only because it was extortionate in character if not necessarily in provable intention.[9]

We are aware of defendants' concern throughout this litigation that the lawsuit was brought for an improper purpose. We also accept for purposes of this motion that defendants believe this document may shed some light on their concerns. But again, at this point in the litigation this single document acknowledging the weakness of a legal claim does not support a finding that plaintiff brought a frivolous claim "in order to obtain an advantage unrelated to obtaining a favorable judgment."[10]

As noted by plaintiff, the inadvertently produced document provided that it was "Privileged and Confidential; Attorney-Client Privileged; Attorney Work Product," at the top of the page. Defendants promptly contacted plaintiff to inform it of its error in producing the document. Now it is time for defendants to, pursuant to the protective order in place between the parties, promptly return it to plaintiff.

1. *See* Fed.R.Evid. 502(b); *see* dkt. 40, ¶6.

2. *Shaffer v. Am. Medical Ass'n,* 662 F.3d 439, 447 (7th Cir. 2011)(quoting *States v. BDO Seidman, LLP,* 492 F.3d . 806, 818 (7th Cir. 2007).

3. *Id.* (quoting *U.S. v. Zolin,* 491 U.S. 554, 562-63 (1989).

4. Def's mt. at 2, dkt. 231.

5. *See Brandon v. Advanced Correctional Healthcare, Inc.,* 2010 WL 4705513, *1 (C.D. Ill. Nov. 12, 2010).

6. *See id*; *see also Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC,* 626 F.3d 958, 962 (7th Cir. 2010)(finding "vexatious" conduct by the losing party can justify the award of attorneys' fees to the winner).

7. *See Nightingale Home Healthcare,* 626 F.3d at 962.

8. *Id.* at 962 (discussing the difference between a tort action and a claim for attorneys fees under the Lanham Act).

9. *Id.* at 966 (analyzing the "exceptional case" provision under the Lanham Act).

10. *Id.*