IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEERLESS INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1768 |
| | ) | |
| v. | ) | District Judge Joan H. Lefkow |
| | ) | |
| CRIMSON AV, LLC; and VLADIMIR GLEYZER | ) ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## ORDER

Before us now is defendant Crimson's renewed motion to compel document discovery and to compel the deposition of Marshall Brown [dkt. 333]. For the reasons outlined, we grant Crimson's motion.

## STATEMENT

Susan E. Cox, Magistrate Judge

Peerless Industries, Inc. ("plaintiff") has sued defendants Crimson AV, LLC ("Crimson") and its Managing Director Vladimir Gleyzer claiming patent infringement and design patent infringement arising out of defendants' manufacture and sale of certain TV mounts. Before us now is Crimson's renewed motion to compel document discovery and to compel the deposition of Marshall Brown [dkt. 333]. Although Crimson's motion for summary judgment of non-infringement has been denied and plaintiff's motion for summary judgment as to infringement has been granted, Crimson's motion for partial summary judgment of invalidity has

1

yet to be briefed. Here, Crimson argues that the discovery it seeks (which was sought earlier in the case) is relevant and necessary for that motion. We previously ruled that should there be an adverse ruling on Crimson's motion regarding non-infringement - which there has been - we would revisit this issue:

> defendants seek the prototypes of the P'850 bracket, and its predecessor designs, sample brackets that appear to be prototypes, and documents relating to the concealment by plaintiff of the best mode of the invention, as identified by the inventors in their depositions. Here, again, plaintiff's objection is, and was, based on the fact that defendants had moved for summary judgment on infringement, so their requests for documents were unnecessary to the resolution of that motion.
>
> \*\*\*
>
> Though we do not agree with plaintiff's approach, because we at no point stayed discovery so their objections on that basis were improper, we also assume defendants filed their motion for summary judgment at such an early date to, perhaps, avoid the costs of protracted discovery. As noted, they also claimed that they did not need additional discovery to support their position. For this reason, we will deny defendants' motion at this time, but we leave open the possibility that this discovery may be relevant should defendants' motion be denied, as their motion was indeed filed prior to the close of discovery.[1]

Now, plaintiff's response is that this discovery was long-ago produced. This leaves little room for analysis.

We begin by outlining what remains in dispute. First, Crimson refers to origination and conception documents. Specifically, Crimson learned through deposition testimony that a key feature of the '850 claims was copied from a prior design, identified as the "Genady" design. Crimson asserts, however, that no drawings of the "Genady" design have been produced. It also seeks evidence to support the date of first conception of the patent - January 5, 2005 - and the date of first constructive reduction to practice - January 25, 2005 - which were both dates

confirmed by plaintiff's 30(b)(6) designee. In addition, some of the documents Crimson did receive it argues are either corrupted, or in the case of certain photographs, grainy or covered by "black blobs" making them indiscernible. Finally, Crimson requests prototype brackets and first run production brackets made by Dr. Plavnik be produced. It also seeks bracket drawings from 2004, asserting that plaintiff has produced no bracket drawings that date prior to March 3, 2005.

As we previously noted, Crimson quite unusually filed a motion for summary judgment prior to the close of discovery. But we also emphasized that discovery was never stayed so there was, in fact, no reason for plaintiff to have refused production of documents. Plaintiff now, oddly, claims that it produced everything.

We find the best solution is for plaintiff to produce - or reproduce if that is required - all of these requested documents and tangible items to Crimson. If, as Crimson suggests, plaintiff can identify where certain documents are located from an earlier production, that will also suffice. Plaintiff is then to state, under verification, that is has produced everything. Also, if a particular document does not exist, plaintiff is to so state under verification.

Regarding the second issue, whether to allow Mr. Brown's deposition, we briefly addressed this issue months ago as well:

> On February 6, 2013, defendants issued a Rule 30(b)(6) notice of deposition seeking Mr. Brown's deposition in March. Attached to the subpoena was a rider requesting certain documents be produced.
>
> ***
>
> But we are left to guess why the deposition did not go forward because neither side provides any explanation. (Defendants simply state in their reply that despite agreeing to depose Mr. Brown on March 15, "the deposition never occurred").

---

[1] Dkt. 234.

***

> Plaintiff has no particularly compelling argument against allowing this discovery, except for timing. Plaintiff argues that defendants strategically decided to file a motion for summary judgment before the close of discovery, their motion is now fully briefed, and they should not be able to continue to seek out discovery. Yet plaintiff concedes that, should their motion ultimately be denied, defendants could seek leave to depose Mr. Brown at that time.[2]

Plaintiff has now changed its position, claiming that Crimson is seeking Mr. Brown's deposition only to contest the validity of the patent on the basis of improper inventorship, which Judge Lefkow struck as an untimely invalidity contention. Crimson takes the opposite view, arguing that Mr. Brown will be able to opine on best mode, obviousness, and anticipation, which are the alleged invalidity issues that remain in the case. Specifically, Crimson claims that Mr. Brown will know what modes existed and when, he will know why the box fold design was omitted from the '850 patent, and he will know whether the single plate was ever sold and the due diligence that was performed. With this explanation, along with plaintiff's previous concession that Mr. Brown's deposition would be relevant, we see no reason to deny Crimson's request. Crimson's renewed motion to compel document discovery and to compel the deposition of Marshall Brown is, therefore, granted [dkt. 333]. Plaintiff to produce all documents on or before 11/1/13. Mr. Brown's deposition is to be scheduled following this production, on or before 11/15/13.

Date: 10/24/13   /s/ Susan E. Cox_____
U.S. Magistrate Judge

---

[2] Dkt. 234.