**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PEERLESS INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 cv 1768 |
| v. | ) | |
| | ) | Judge Joan Lefkow |
| CRIMSON AV, LLC and VLADIMIR | ) | |
| GLEYZER, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Crimson's renewed (twice) motion for sanctions [dkt. 381]. For the reasons stated below, the Court recommends that the district judge deny this motion with the one exception set out in this Order.

The history of the discovery disputes between these two litigants is lengthy and replete with motions which, had the parties engaged in a reasonable negotiation and effort to compromise, could and should have been avoided. This motion is no different. Some background is necessary to explain why.

This case involves the aftermath of a once successful business relationship between Peerless, a manufacturer of television mounting systems, and Sycamore, its supplier of certain component parts for these mounts, which is located in China. According to Peerless, after it terminated its contract with Sycamore, Sycamore retained certain proprietary information relevant to Peerless' manufacturing process, which enabled its new competitor (and Sycamore's new supplier), Crimson, to enter the market unfairly. (In the preliminary injunction hearing in this case, the district judge held that Sycamore and Crimson were essentially corporate alter egos

based on the testimony of defendant Vladimir Gleyzer, president of Crimson.) In addition to trade secrets claim, Peerless has also sued to enforce its patent against Crimson. For its own part, Crimson claims that Peerless' patent is invalid.

As it stands now, the district court has ruled (prompted by a motion for summary judgment of non-infringement filed by Crimson prior to the close of discovery) that Crimson has infringed Peerless' patent and the only patent issue left in case is whether the patent is invalid, an issue on which Crimson has filed a separate motion for summary judgment. It now claims, despite having filed its motion prior to having a ruling from this Court on the discovery at issue in this motion, that resolution of this dispute is absolutely essential to the resolution of its second summary judgment motion—so much so that it has sought additional time to brief that motion before the district court. Along with its ruling on infringement, the district court also restricted the scope of the alleged invalidity defense because Crimson failed to disclose those defenses as required by the Local Patent Rules 3.1 and 3.4. Therefore, Crimson cannot now argue that Peerless displayed and sold the bracket embodying the '850 patent more than a year prior to the application (the "on-sale bar doctrine") or that Peerless failed to name an inventor. The only "live" issues which remain are that the invention was anticipated by prior art (the TechCraft bracket), that it was obvious in light of the prior art, and that Peerless' failed to disclose the best mode of the invention, specifically, the model which used the safety screw retainer element.

The origin of this dispute lies in part in the chronology of Crimson's attempts to gain discovery on its patent defenses. As previously noted, on January 18, 2013, Crimson filed a motion for non-infringement prior to the close of discovery in the case. Prior to filing that motion, Crimson filed a Second Request for Production of Documents regarding its patent defenses to which Peerless objected on a variety of bases. As far as the Court can tell, the

objections to the Second Request went unaddressed or discussed in any meaningful way until July 18, 2013, six months after it filed for summary judgment, when Crimson brought a motion to compel. The Court denied that motion, largely based on the fact that Crimson had failed to raise any of these issues (which largely went to infringement issues) for over six months. However, the Court also found that documents concerning the sale of the invention prior to the patent application, as well as documents relating to the origination of the claimed invention, should be produced if and when the district court ruled on the pending motion (and depending on what that ruling was). As the Court noted on the record at the hearing on the motion, it saw no reason why Peerless needed to produce any documents regarding these topics until after the infringement motion was decided. (For example, had Peerless won its contention, its invalidity contentions would have been mooted.) After Judge Lefkow ruled that Crimson had indeed infringed Peerless' patent, the Court faced the discovery question again when Crimson renewed its motion to compel. In its ruling, the Court gave Crimson (over Peerless' objection) additional discovery beyond the conception of the claimed invention, including prototype brackets and bracket drawings from the first run production of those brackets. The Court also required Peerless to re-produce documents because the copies of certain documents were difficult to read.[1]

In retrospect, given the limitations embodied in the district court's order on Crimson's invalidity defenses, this ruling was probably overly generous as to Crimson's right to discovery. Nonetheless, Peerless appeared to have complied with the Court's Order and its witness, John Potts verified that the production was complete. Crimson was not satisfied with the production and renewed its motion to compel. At the hearing at this motion, the Court pressed Crimson to explain explicitly how Peerless failed to comply with its previous Order as its motion seem to

---

[1] Dkt. 344.

request materials far beyond that Order. The Court stated on the record that it was not going to enlarge the scope of the requested discovery at this point in the litigation. The Court ordered that Peerless produce a privilege log (regarding certain documents it was withholding on that basis) and to provide a more complete verification that the categories of documents and materials relating to the remaining invalidity contentions (about which the Court had limited further production) had been searched for and produced. Peerless then produced the verification of Paul Berkley.

Crimson erroneously claims that the Court ordered Peerless to also provide a Request by Request verification of its responses to all of Crimson's Requests for Production. But the Court did not even rule on Peerless' objections to most of these Requests because it found that Crimson had waived enforcing them against Peerless by not bringing the dispute to the Court earlier in the discovery process. Further, even a cursory review of these Requests make it plain that they go far beyond the scope of the subsequent production by Peerless which the Court originally ordered go forward after the district court ruled on the infringement issue. The only documents and materials which the Court ordered need be produced related to the conception of the invention (as described in open court) and this ruling has been reiterated time and time again. Thus, the Court *never* ordered a Request by Request verification. Instead, the Court identified specific categories of documents which it deemed relevant and required Peerless to verify that this production was complete. Regarding the allegation that Paul Berkley's verification is incomplete, it appears that Peerless timely responded to this concern in a letter dated January 13, 2013. In its letter, Peerless agreed to produce documents which were moved or deleted from certain hyperlinked locations within screen shots already produced to Crimson and described in detail by Mr. Berkley. As Peerless states in its response to the sanctions motion, these are

internal versions of publicly available instruction documents relating to its model DPFP-320 products. These documents were produced two days later. Although it is unfortunate that this subsequent production was not made contemporaneously with those documents produced with Mr. Berkley's original affidavit, this hardly rises to the level of sanctionable conduct, especially as it appears that Peerless was attempting to confer with Crimson about its concerns. Instead of resolving the dispute through the "meet and confer" process, Crimson filed the instant motion.

Peerless has offered to provide a final verification that the documents defined by the Court as relevant to the outstanding invalidity contentions have been searched for and produced. The Court orders that this be done on or before March 2, 2014. The Court denies the motion for sanctions and, to the extent it seeks further discovery from Peerless, that request is denied as well. It appears to the Court from this record that Peerless has complied with all of the Court's previous orders.

Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served.[2] Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual, and legal made by this Court in the report and recommendation.[3]

**ENTERED: February 27, 2014**          **_s/ Susan E. Cox_____**
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **Susan E. Cox**

---

[2] Fed. R. Civ. P. 72(b)
[3] *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).