### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PEERLESS INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 11 C 1768 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| CRIMSON, AV, LLC. and ) | |
| VLADIMIR GLEYZER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### **ORDER** (CORRECTED)

Plaintiff Peerless Industries, Inc.'s Motion for Leave to Amend its Third Amended Complaint 467 is denied. See Statement.

### **STATEMENT**

The decision to grant or deny leave to amend is within the district court's discretion. *See Bausch* v. *Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010). Although Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave when justice so requires," a district court may deny leave where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman* v. *Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Hukic* v. *Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

Plaintiff seeks to "narrow and simplify the issues in this case before trial by withdrawing its trade dress claim." (Dkt. 471.) Plaintiff's motion, however, comes one month after the close of briefing on summary judgment and well over three years after Plaintiff's initial complaint. Plaintiff had ample opportunity to "narrow and simplify the issues" over the course of this litigation; indeed, it filed three amended complaints. Plaintiff has failed to explain why it needs to withdraw its trade dress claim now that dispositive motions are before the court. The court will address Plaintiff's trade dress claim in its ruling on summary judgment.

Date:   December 8, 2014

_____
U.S. District Judge Joan H. Lefkow