# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEERLESS INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-cv-1768 |
| ) | |
| CRIMSON AV, LLC; VLADIMIR ) | Hon. Joan H. Lefkow |
| GLEYZER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO FED. R. CIV. P. 50(a)**

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Peerless Industries, Inc. ("Peerless") moves for judgment as a matter of law of no invalidity for anticipation, no invalidity for obviousness, no invalidity for best mode, no invalidity for written description, enablement, or indefiniteness, no prior art status, no unenforceability for inequitable conduct, and no deductible costs from revenues for products accused on the trade secret misappropriation claim.

**I.  STATEMENT OF THE ISSUES**

1. Whether a reasonable jury has a legally sufficient evidentiary basis to find the asserted claims anticipated pursuant to 35 U.S.C. § 102;

2. Whether there is a legally sufficient evidentiary basis to hold the asserted claims obvious pursuant to 35 U.S.C. § 103;

3. Whether a reasonable jury has a legally sufficient evidentiary basis to find the asserted claims invalid for failing to disclose the best mode of carrying out the invention pursuant to 35 U.S.C. § 112;

4. Whether a reasonable jury has a legally sufficient evidentiary basis to find certain references to be prior art;

5. Whether a reasonable jury has a legally sufficient evidentiary basis to find the asserted claims invalid for lack of written description or enablement, or indefiniteness pursuant to 35 U.S.C. § 112;

6. Whether the court has a legally sufficient evidentiary basis to find the asserted claims unenforceable due to inequitable conduct; and

7. Whether a reasonable jury has a legally sufficient evidentiary basis to find deductible costs from Crimson's revenues received from sales of products made through misappropriation of Peerless's trade secrets.

## II. LEGAL STANDARD

Under Rule 50,

> (1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on this issue, the court may:
>
>> (A) Resolve that issue against the party; and
>>
>> (B) Grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on this issue.

Fed. R. Civ. P. 50(a)(1).

Similar to summary judgment, a motion for judgment as a matter of law asks whether the evidence presented, combined with all reasonable inferences permissibly drawn, is legally sufficient to support a verdict for the nonmoving party when viewed in the light most favorable to that nonmovant. In *Winters v. Fru-con, Inc.*, 498 F.3d 734, 745-46 (7th Cir. 2007), the Seventh Circuit held that:

> "Under Rule 50, a court should grant judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). "The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion" except that the two motions are made at different times during the proceedings before the district court. *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

*Winters,* 498 F.3d at 745-46 (some internal citations omitted); *see also Mathur v. Bd. of Trustees of S. Ill. Univ.*, 207 F.3d 938, 941 (7th Cir. 2000). A mere scintilla of evidence is not enough. *Willis v. Marion Cnty. Auditor's Office*, 118 F.3d 542, 545 (7th Cir. 1997).

### III. ARGUMENT

#### A. Validity

Crimson failed to put forth sufficient evidence that the Court or reasonable jury could find, by clear and convincing evidence, that any of the asserted claims are invalid on any ground.

##### a. Peerless Is Entitled To Judgment As A Matter of Law Of No Invalidity Due To Anticipation Under 35 U.S.C. § 102

3

Crimson failed to put forth sufficient evidence for a reasonable jury to find the '850 patent invalid as anticipated by any prior art under 35 U.S.C. § 102. Patents are presumed valid. 35 U.S.C. § 282. An infringer can overcome this presumption only with "clear and convincing evidence" of invalidity. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). Accordingly, Crimson was required to provide clear and convincing evidence that every limitation is found in a single piece of prior art. *See Verdegaal Bros. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987). It failed to do so.

Crimson failed to provide any element-by-element analysis linking every limitation of the '850 patent to a single piece of prior art. To anticipate a claim under 35 U.S.C. § 102, the prior art reference must first disclose each claim limitation, either expressly or inherently, so that a person of ordinary skill in the art could practice the invention without undue experimentation. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1344 (Fed. Cir. 2012); *Retractable Tech., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1309 (Fed. Cir. 2011) (en banc). The Federal Circuit has "long held that '[a]nticipation requires the presence in a single prior art disclosure of all elements of a claimed invention *arranged as in the claim.*'" *Finisar*, 523 F.3d at 1334–35 (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (emphasis added)). "Although § 102 refers to 'the invention' generally, the anticipation inquiry proceeds on a claim-by-claim basis." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). Crimson did

not provide any element-by-element testimony identifying the presence of each element of the claimed invention in any alleged prior art.

Crimson cannot avoid the element-by-element analysis by merely proffering evidence that select elements, even if characterized as the "heart" of the invention, existed in the prior art; an element-by element analysis applying the claim language is always required. *See Douglas Press, Inc. v. Arrow Int'l, Inc.*, No. 95-CV-3863, 1999 U.S. Dist. LEXIS 23137, at *40-45 (N.D. Ill. Feb. 5, 1999) (rejecting position that invalidity can be proven by demonstrating the "heart" of the invention existed in the prior art without an adequate element-by-element analysis); *Verdegaal*, 814 F.2d at 628; *Finisar*, 523 F.3d at 1334–35. For this reason, courts ordinarily require expert testimony to establish invalidity. *See, e.g.*, *Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (affirming district court grant of judgment as a matter of law where party did not provide any expert testimony to establish invalidity).

Crimson offered no expert testimony in support of its invalidity defense, and did not even attempt to provide an element-by-element analysis linking every element of the asserted claims of the '850 patent to a single piece of prior art. Instead, Crimson simply elicited testimony regarding select features (not claim elements) of the '850 patent. For example, Crimson focused almost entirely on the ramping features of the '850 patent, to the neglect of the remaining limitations of the claims at issue. (*See, e.g.*, Trial Tr. at 913:24-25 ("Q: Those brackets have ramps, do they not? A. Yes, they do"), 914:23-915:2 ("Q: Are there ramps? A. I don't know—what would you qualify as ramps? If it's

5

back side of the bracket, technically speaking? Q. The curvature. A. Curvature? Yeah, there is a curvature.").) Crimson also provided no testimony that the features they did identify were arranged as in the claims.

Crimson's failure to provide any element-by-element analysis of the claimed invention to a single prior art reference and failure to consider the elements *arranged as in the claim* renders Crimson's proof inadequate to support an anticipation finding as a matter of law. *See Finisar*, 523 F.3d at 1334-35. Accordingly, Peerless is entitled to judgment as a matter of law that the '850 patent is not invalid as anticipated under 35. U.S.C. § 102.

### b. Peerless Is Entitled To Judgment As A Matter of Law Of No Invalidity Due To Obviousness Under 35 U.S.C. § 103

Crimson failed to put forth sufficient evidence to support a holding that any claim of the '850 patent invalid as obvious in view of any prior art combination under 35 U.S.C. § 103. A patent is invalid only "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1068 (Fed. Cir. 2012). Obviousness is a question of law based on subsidiary factual findings, including: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (2) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness. *In re Capsule Patent Litig.*, 676 F.3d at 1068. A party seeking to invalidate a patent for obviousness must demonstrate by

6

clear and convincing evidence "that a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and the skilled artisan would have had a reasonable expectation of success from doing so." *Id.* at 1068-69.

Crimson fails to provide sufficient evidence to support a holding that any claim of the '850 patent is invalid as obvious. Just as with its anticipation defense, Crimson never mapped the claim elements to any prior art, let alone identified any specific combination of alleged prior art that together met the limitations of each and every element of any asserted claim. Crimson also provided no testimony from one of ordinary skill in the art.

Further, Crimson failed under the more rigorous obviousness inquiry to set forth the scope and content of the prior art, provide an element-by-element analysis of the claims, or provide evidence sufficient to establish the person of ordinary skill's motivation to combine the identified references. Absent such evidence, there is no basis to find the '850 patent obvious. *See Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1354 (Fed. Cir. 2001) (finding conclusory statements from a witness regarding invalidity, without more, insufficient to prove invalidity); *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1375 (Fed. Cir. 2012) (granting summary judgment of validity where party failed to offer evidence that inventor would look to nonanalogous prior art); *Nextec Applications v. Brookwood Cos.*, 703 F. Supp. 2d 390, 425 (S.D.N.Y. 2010) (granting summary judgment where party failed to provide element-by-element analysis); *Gart v. Logitech, Inc.*, 254 F. Supp. 2d

1119, 1128-29 (C.D. Cal. 2003) (rejecting conclusory statements without analysis as insufficient to invalidate and denying summary judgment of obviousness for failure to address the *Graham* factors); *Zip Dee, Inc. v. Domestic Corp.*, 949 F. Sup. 653, 655 (N.D. Ill. 1996) ("Although the experts do mention a handful of items of prior art . . . they included none of the necessary linkage with the elements of [plaintiff's] patent claims . . . [n]or did [defendant] provide the information as to the combination of references required for a Section 103 obviousness defense.").

  c. **Peerless Is Entitled To Judgment As A Matter of Law of No Invalidity For Failing To Disclose Best Mode Under 35 U.S.C. § 112**

  Crimson failed to put forth sufficient evidence for a reasonable jury to find the '850 patent invalid for failing to disclose the best mode. To establish liability for failing to disclose the best mode under 35 U.S.C. § 112 Crimson must show that the inventors possessed a best mode of practicing the claimed invention at the time of filing and that the inventors concealed the best mode of practicing from the public. *See Ateliers De La Haute-Garonne v. Broeje Automation USA Inc.*, 717 F.3d 1351, 1356-57 (Fed. Cir. 2013).

  The first determination requires a subjective inquiry into the inventor's preference for a best mode of practicing the invention at the time the application for the patent was filed. *Id.* at 1357. Awareness or use does not establish preference. (*See* Dkt. 483 at 12.) Here, the relevant date is the filing of the provisional application on October 14, 2005. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1373 (Fed. Cir. 2011). Mr. Lam testified

that no material changes were made to the specification of the '850 patent after the filing of the provisional application. (Trial Tr. at 503:21-504:12.) No reasonable jury could find that the '850 patent is not entitled to the filing date of the provisional application.

The second determination requires an objective inquiry into whether the inventor concealed the best mode of practicing the invention from the public. *Id.* (citing *Star Scientific*, 655 F.3d at 1373). It is the inventor's preference at the time of filing the application (or, in this case, the time of filing the provisional application on which the '850 patent relies). *See Star Scientific*, 655 F.3d at 1373 (determining best mode as of priority date).

Crimson's best mode defense is based on an alleged failure to disclose the best mode of "the guiding surface." More specifically, that "the guiding surface" (1) functions to retain a safety screw, and (2) the box-fold type of bridge plate construction is the best mode for retaining the screw.

William Lam is the only inventor who testified at trial, and thus the only witness whose preference matters in the analysis. Mr. Lam testified that use of a safety/security screw was known in the prior art. (Trial Tr. 509:1-13; 1004:25-1005:10.) There can be no concealment of something that is known in the art. Crimson also offers no evidence that one of ordinary skill in the art would not understand that the hole was for a screw.

Additionally, there is no testimony from Mr. Lam that he had any preference between a welded plate or a folded tab design. (*See, e.g.*, Trial Tr. at 1006:14-1007:3 (Q. Functionally does it save—does it provide the same

9

function as the cross plates that you had on—the longitudinal plate that you had on the prior parent? A. It does the same job. . . . Q. And which method is easier to manufacture? A. Depends. If you have—for low volume, the weld if by far the easier one. It's a micro-fraction the cost of the other one. Q. If you have high volume? A. High Volume. I was told that this is a better method. Q. Of those two this is the better method? A. I was told by the manufacture engineer this is cheaper."), 1008:25-1009:3 ("Q. But the box fold is easier to manufacture. A. I assume so. Q. Okay. And--. A. I wasn't involved in the manufacturing for that."), 1014:7-10 ("Q. Because it's better? A. It's a cheaper design. Q. Which the boss likes. A. Somebody upstairs, yes."). Although Mr. Lam was made aware by manufacturing of the box-fold method of manufacture, no reasonable jury could find that Mr. Lam had a preference or opinion as to whether any design was best.

Peerless is entitled to judgment as a matter of law that the '850 patent is not invalid for failing to disclose the best mode under 35. U.S.C. § 112.

### a. Peerless Is Entitled To Judgment As A Matter Of Law That Certain References Are Not Prior Art

Crimson failed to provide sufficient evidence for a reasonable jury[1] to find that the VMPL2, VMPL50, or Tech Craft TRK50B bracket is prior art. The only evidence offered relating to the VMPL2 bracket came from Mr. Lam, the inventor. Mr. Lam testified that he did not know whether the VMPL2 bracket predated his invention. (Trial Tr. at 996.) No witness provided any testimony as to whether VMPL50 predated the invention either. (*See, e.g.*, Dkt. 899:1-13.)

---

[1] Or for the Court in the context of obviousness.

There is no evidence connecting the purchased Tech Craft bracket to the alleged bracket in on the amazon printout. Accordingly, no reasonable jury could find that the VMPL2, VMPL50, or Tech Craft TRK50B bracket was known or used in the U.S. prior to his invention or that the VMPL2 bracket was on-sale in the U.S. more than one year prior to the filing of the provisional application for the '850 patent, on October 14, 2005. Therefore, no reasonable juror could find that the VMPL2, VMPL 50, or Tech Craft TRK50B bracket is prior art.

Crimson also failed to provide sufficient evidence for a reasonable jury[2] to find that the Cut Sheet for the VMPL2 bracket is prior art. Again, the only evidence relating to the VMPL2 Cut Sheet came from Mr. Lam, the inventor. Mr. Lam only testified that the document looked like a cut sheet from Sanus. (Trial Tr. at 1000). Mr. Lam stated "I don't know if it's officially theirs or not." (*Id.*) To show that a document is a printed publication for purposes of prior art, the Defendant must show that the reference was publicly accessible prior to the critical date such that persons of ordinary skill in the art could locate it using reasonable diligence. *See In re Cronyn*, 890 F.2d 1158, 1160-61 (Fed. Cir. 1989); *Tech. Licensing v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008). In examining whether a document filed with a particular entity is publicly available, the Federal Circuit has consistently held that the ability to locate the document through an indexing or classification system is critical. *In re Cronyn*, 890 F.2d 1158 (Fed. Cir. 1989); *In re Bayer*, 568 F.2d 1357 (C.C.P.A. 1978). In

---

[2] Or for the Court in the context of obviousness.

*In re Cronyn*, the Federal Circuit distinguished prior precedent on the basis of whether the document in question was "indexed, cataloged, and shelved" prior to the critical date. *In re Cronyn*, 890 F.2d at 1161; *In re Bayer*, 568 F.2d at 1362. In determining whether this requirement is met, routine practices of the entity responsible for indexing, cataloging, and shelving the document are relevant. *In re Cronyn*, 890 F.2d at 1160-61. Crimson offered no evidence on the accessibility of the alleged VMPL2 cut sheet as of its alleged date. Additionally, no evidence demonstrates public accessibility, indexing, classification or other means of accessibility of the VMPL2 cut sheet at any time, let alone any time before the invention or application of the '850 patent. No reasonable juror could find that the VMPL2 cut sheet was a printed publication and therefore, no reasonable juror could find that the VMPL2 cut sheet is prior art.

> **b. Peerless Is Entitled To Judgment As A Matter of Law Of No Invalidity For Lack Of Written Description, Enablement, or Indefiniteness[3]**

Patents are presumed valid. Challenges to validity on the basis of enablement, lack of written description, and indefiniteness all require evidence of what one of ordinary skill in the art would have understood by the patent and patent claims. *Meds Co. v. Mylan Pharms., Inc.*, No. 11-cv-1285, 2013 U.S. Dist. LEXIS 17, at *72 (N.D. Ill. Dec. 16, 2013) (written description must allow a person of ordinary skill to recognize that the patentee invented what is claimed); *ASM Am., Inc. v. Genus, Inc.*, No. C-01-2190, 2002 U.S. Dist. LEXIS

---

[3] Crimson has not asserted defenses of lack of written description, enablement, or indefiniteness. This motion is without waiver of that argument.

15348, at *42 (N.D. Cal. Aug. 15, 2002) (determining indefiniteness requires analysis of whether a person of ordinary skill would understand the bounds of the claim when read in light of the specification."); *M2M Solutions LLC v. Sierra Wireless Am., Inc.*, No. 12-30-RGA, 2016 U.S. Dist. LEXIS 42943, at *5 (D. Del. Mar. 31, 2016) (enablement requires a specification enable a person of ordinary skill in the art to make and use the claimed invention). Crimson offered no evidence of the meaning of the claims or the specification as understood by one of ordinary skill in the art—which is expert testimony. Accordingly, judgment as a matter of law must be entered for Peerless on any permitted defenses of written description, enablement, and indefiniteness.

### B. Peerless Is Entitled To Judgment As A Matter Of Law of No Inequitable Conduct

Crimson failed to put forth sufficient evidence to find that the '850 patent is unenforceable due to inequitable conduct. Inequitable conduct must be proved by clear and convincing evidence and requires proof of both: (1) materiality and (2) an intent to deceive the Patent Office. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1285, 1290-91 (Fed. Cir. 2011)).

Crimson's inequitable conduct contentions disclose three alleged theories of inequitable conduct: (1) Peerless failed to disclose an essential element, the safety screw or bolt, along with the true purpose and function of the longitudinal bridge element 120 (Ex. A, at 20); (2) Peerless used "strained language describing 'surfaces' and 'portions' that include empty space;" (Ex. A, at 21); and (3) Peerless failed to disclose the best mode of the invention by

"leaving out" the "essential safety screw or bolt element that is inserted into the hole in the bridge plate" (Ex. A, at 23).

Crimson offered a single witness to prove up its inequitable conduct case—William lam, one of the inventors of the '850 patent. Nowhere in Mr. Lam's testimony does he make any statement that could lead to a conclusion that he acted with any specific intent to deceive the patent office. Crimson adduced no evidence that he withheld any information from the patent office, let alone material information. To the extent Crimson argues it was inequitable conduct to not disclose the box-fold construction for the "guiding surface," Mr. Lam never testified that he had a preference for the construction of the "guiding surface." (Trial Tr. at 1006:14-1007:3, 1008:25-1009:3, 1014:7-10.) The "box fold" is therefore not material.

Additionally, Mr. Lam testified that the use of a security retaining screw was known in the art. (Trial Tr. at 1004:25-1005:10.) Cumulative information is not material. 37 C.F.R. 1.56 ("information is material to patentability when it is not cumulative to information already of record or being made of record in the application").

Additionally, Crimson offered no testimony from one of ordinary skill in the art as to whether the claim language was "strained" or otherwise "misleading" in any way. Without such evidence, there can be no finding that the inventors, patent prosecution counsel or any other particular person committed inequitable conduct. The description of the invention and claim must be viewed through the lens of one of ordinary skill in the art. *Lockwood v.*

14

*Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) ("The description must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed."). Moreover, the patent statute, 35 U.S.C. § 101 *et. seq.* provides that patent claims particularly point out and distinctly claim the subject matter which the applicant regards as his invention. 35 U.S.C. § 112. Had the Examiner not understood the claim language he was obligated to raise any such confusion during prosecution. The patent claims issued and are presumed valid. The Court cannot find that the '850 patent is unenforceable due to the description of the invention.

Further, for the reasons stated above regarding Crimson's failure to prove its best mode defense, the Court cannot find that the '850 patent is unenforceable due to inequitable conduct in failing to disclose the best mode.

Lastly, Crimson does not identify any particular individual who is alleged to have committed the acts of alleged inequitable conduct. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("In sum, to plead the 'circumstances' of inequitable conduct with the requisite 'particularity' . . . the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.").

Peerless is entitled to judgment as a matter of law that the '850 patent is not unenforceable due to inequitable conduct.

### C. Peerless is Entitled To Judgment As A Matter Of Law Of No Deductible Costs From Crimson's Revenues From Misappropriated Products

Crimson failed to put forth sufficient evidence for a reasonable jury to deduct any expenses from Crimson's identified revenues from the alleged misappropriated products. "The general rules governing accountings of profits are applicable in trade secret actions. The plaintiff is entitled to recover the defendant's net profits. The plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits." (Dkt. 572 at 4 (quoting Restatement (Third) of Unfair Competition § 45 cmt. f (1995)).) Crimson introduced no evidence of deductible costs from its gross sales of products misappropriating Peerless's trade secrets.

Accordingly, Peerless is entitled to judgment as a matter of law that the Peerless is entitled to Crimson's revenues for misappropriated products without any deduction for costs.

## IV. CONCLUSION

For the reasons set forth above, Peerless requests that the Court enter judgment as a matter of law pursuant to Federal Rule of Evidence 50(a) that Crimson failed to introduce sufficient evidence for findings of (1) invalidity based on anticipation; (2) invalidity based on obviousness; (3) invalidity based on best mode; (4) invalidity based on enablement, written description, or indefiniteness; (5) that the VMPL2, VMPL50, or Tech Craft TRK50B brackets are prior art; (6) unenforceability due to inequitable conduct; and (5) deductible

costs from revenues generated from products accused on the misappropriation of trade secret claim.

Dated: June 22, 2016

Respectfully submitted,

/s/ R. Spencer Montei
James D. Dasso
Aaron J. Weinzierl
R. Spencer Montei
FOLEY & LARDNER LLP
321 North Clark Street
Chicago, Illinois 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jdasso@foley.com
aweinzierl@foley.com
rmontei@foley.com

*Attorneys for Plaintiff,
Peerless Industries, Inc.*

## CERTIFICATE OF SERVICE

I, R. Spencer Montei, an attorney, certify that on June 22, 2016, I caused the foregoing Plaintiff's Rule 50(a) Motion For Judgment As A Matter Of Law to be filed with the Clerk of Court using the CM/ECF system, which will send notice of filing to all counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

/s/ R. Spencer Montei