UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEERLESS INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRIMSON AV, LLC, and VLADIMIR GLEYZER, <br><br> Defendants. | Case No. 1:11-cv-1768 <br><br> Honorable Joan H. Lefkow |

## MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50

Defendants, CRIMSON AV, LLC ("Crimson") and VLADIMIR GLEYZER ("Gleyzer'), by and through his undersigned attorneys, hereby move this Honorable Court pursuant to FED. R. CIV. P. 50 for judgment as a matter of law on all of Plaintiff's patent claims. In support of this motion, Defendants state as follows:

### I. STANDARD FOR JUDGMENT UNDER FRCP 50

Under Rule 50, a Court should render judgment as a matter of law when a party has been fully heard on an issue and there is not legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Dillon v. City of Chicago*, 2012 U.S. Dist. Lexis 48724, at *3(N.D. Ill. April 5, 2012) (citing *Murray v. Chicago Transit Authority*, 252 F.3d 880, 886 (7th Cir. 2001). The standard for granting judgment as a matter of law mirrors the standard for granting summary judgment. *Id.*

### II. PLAINTIFF HAS FAILED TO GIVE NOTICE OF ITS PATENT RIGHTS AND IS PRECLUDED FROM RECOVERY PURSUANT TO 35 USC 287.

This trial concerns Plaintiff's claimed patent infringement. To prevail on a patent

claim, a plaintiff can only recover damages for infringement that occurred after Plaintiff gave notice of its patent rights. 35 USC 287. Plaintiff must prove that it gave notice by a preponderance of the evidence. *Id.* Further, there are two ways for a patent holder to give such notice. First, a patent holder may give notice to the general public by placing the word "patent" or the abbreviation "PAT," with the number of the patent substantially all products it sold included in the invention. *Id.* Second, a patent holder may give notice of its patent rights by directly informing defendant that it is infringing a particular product and identifying the product. *Id.* In the instant case, the jury will be instructed on this point of law.

At trial, however, Plaintiff has adduced no evidence of notice to either the public or to the Defendants. There has been no evidence that the Plaintiff products are identified or marked as patented. Moreover, there is no evidence that Defendants knew of the bracket patent. Plaintiff has failed to produce any cease and desist letter given to Defendants or even evidence of a courtesy phone call. The evidence is that Defendants first notice of the patent was the lawsuit. This is insufficient as a matter of law to allow Plaintiff to recover damages.

Vladimir Gleyzer's uncontroverted testimony is that during his time at Peerless he was aware of attempts to obtain a patent for a tilt mount. However, subsequent to him leaving Peerless, it changed direction and attempted to obtain a patent on the bracket. These efforts eventually resulted in the '850 Patent. However, Mr. Gleyzer had no notice of its existence until he was sued by Peerless. (Trial Transcript, pgs. 261-262) Under these circumstances, Plaintiff cannot prevail on its Patent claim and Defendants are entitled to judgment.

WHEREFORE, for all reasons stated above, Defendants asks that judgment be entered in their favor and against the Plaintiff on each of Plaintiff's patent claims.

CRIMSON AV, LLC and
VLADIMIR GLEYZER

By: /s/ Joseph R. Marconi

Joseph R. Marconi
Victor J. Pioli
Peter R. Ryndak
JOHNSON & BELL, LTD.
33 W. Monroe Street - Suite 2700
Chicago, Illinois 60603
(312) 372-0770

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

/s/ Joseph R. Marconi