**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PEERLESS INDUSTRIES, INC.,          )
                                    )
            Plaintiff,              )
                                    )   Case No. 14 C 6949
        v.                          )
                                    )   Judge Joan H. Lefkow
CRIMSON AV LLC,                     )
                                    )
            Defendant.              )


JURY INSTRUCTIONS

Instruction No. 38: Functions Of The Court And The Jury

Members of the jury, you have seen and heard all the evidence and heard the arguments of the attorneys. Now, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

<u>Instruction No. 39:  Evidence</u>

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. If a document was admitted in evidence or used without objection, it is in evidence.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony

<u>Instruction No. 40:  Deposition Testimony</u>

During the trial, certain testimony was presented to you by video.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Instruction No. 41: What Is Not Evidence

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Instruction No. 42:  Note-Taking

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

<u>Instruction No. 43: Weighing The Evidence</u>

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Instruction No. 44:  Burden Of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Instruction No. 45:  Clear And Convincing Evidence

When I say that a particular party must prove something by "clear and convincing evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true.

Instruction No. 46:  Definition Of "Direct" And "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Instruction No. 47:  Absence Of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

<u>Instruction No. 48:  Number Of Witnesses</u>

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Instruction No. 49:  Translated Language

A witness may require an interpreter to communicate in English to you and the Court. You should consider only the evidence provided through the official interpreter. Although some of you may know Mandarin Chinese, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Instruction No. 51:  The Patent System

    At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about those aspects of patent law that specifically relate to this case.

Instruction No. 52:  The Parts Of A Patent

A patent includes two basic parts: a written description of the invention, and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

You have been provided with a copy of the '850 patent. Please look at the patent as I identify its different sections.

The first page of the patent provides identifying information, including the date the patent issued and patent number along the top; the names of the inventors, the filing date, the assignee, which is the company or individual that currently owns the patent; and a list of the prior art publications considered in the Patent Office during the time the patent was being sought.

The specification of the patent begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next, are the drawings, which appear as Figures 1 to 11 on the next 8 pages. The drawings depict various aspects or features of the invention. They are described in words later in the patent specification.

The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the patent begins at column 1, line 1, and ends at column 6, line 44. It includes a background section, a summary of the invention, a detailed description of the invention, including some specific examples.

15

The written description is followed by one or more numbered paragraphs, which are called the claims. The claims may be divided into a number of parts, which are called "claim limitations" or "claim requirements." In the patent, the claims begin at column 6, line 45 and continue to the end of the patent, column 8, line 52.

Instruction No. 53:  The Patent Claims

The claims of a patent are the numbered paragraphs at the end of the patent.  The claims describe what the patent owner may prevent others from doing.

Claims are usually divided into parts, called "limitations" or "requirements." For example, a claim that covers the invention of a table may describe the tabletop, four legs and glue that holds the legs and the tabletop together. The tabletop, legs and glue are each a separate structural limitation or requirement of the claim.

We are concerned with claims 1-7 and 9-11 of the '850 patent. Crimson contends that claims 1-7 and 9-11 are invalid.

In deciding a challenge to the validity of a patent, you must compare the claims of the patent to the asserted prior art.  In reaching your determinations with respect to invalidity, you must consider each claim of the patent separately.

Instruction No. 54: Willful Infringement

Peerless contends that Crimson willfully infringed Peerless's patent. Although I have already decided that Crimson infringed claims 1-7 and 9-11 of Peerless's patent, not all infringement is willful.

To succeed on its contention that Crimson willfully infringed the patent, Peerless must prove by a preponderance of the evidence that Crimson's infringement was willful.

If you find that Crimson knew that it was infringing the patent, or that the risk of infringement was so obvious that it should have been known to Crimson, and not simply that Crimson was aware that its product was the same as the patented device, then you may find that Crimson willfully infringed the patent.

Instruction No. 55: Plaintiff's Exhibit No. 36

During Peerless's direct examination of John Potts, Counsel for Peerless marked a recently purchased Crimson F63 mount as Plaintiff's Exhibit No. 36 and incorrectly referred to that mount as "one of the mounts that's been found to infringe the patent in this case." Crimson, however, has redesigned the F63 mount and the redesigned version does not infringe the '850 patent. Peerless has substituted the historical F63 mount as Plaintiff's Exhibit No. 36.

Instruction No. 56:   Validity - General

Crimson has challenged the validity of the '850 patent claims on the grounds that 1) the claims are obvious; 2) the claims are anticipated by the prior art; and 3) Peerless failed to disclose the best mode of practicing the invention.

Each of the claims of the '850 patent is presumed to be valid. For that reason, Crimson has the burden of proving invalidity by clear and convincing evidence. "Clear and convincing" evidence has the same definition that I just provided to you.

You must evaluate and determine separately the validity of each claim of the patent.

Instruction No. 57:  Invalidity - Specification Requirements

The patent law contains certain requirements for a patent specification. Crimson contends that claims 1-7 and 9-11 are invalid because the specification fails to satisfy the law's best mode requirement.

If you find that Crimson has proved by clear and convincing evidence that this requirement is not met for an asserted claim, then that claim is invalid. I will now explain to you in detail the specification requirement that Crimson says makes the patent claims invalid.

To establish invalidity for failing to disclose the best mode, Crimson must show that the inventors possessed a best mode of practicing the claimed invention at the time of filing and that the inventors concealed the best mode of practicing from the public.

The first determination requires inquiry into the inventor's subjective preference for a best mode of practicing the invention at the time the first application for the patent was filed. The second determination requires an objective inquiry into whether the inventor concealed the best mode of practicing the invention from the public.

There is no duty to supplement or amend a patent application to describe a best mode identified after the filing date of the application for a patent.

Instruction No. 58:  Section 102 And 103 Defenses - Definition Of "Prior Art"

In addressing some of Crimson's invalidity defenses, you will have to consider what is disclosed in the "prior art."

The parties dispute that certain items and references are prior art.

Before you may consider any disputed item or reference as prior art, Crimson must prove by clear and convincing evidence that the item or reference was any one of the following:

- known of, or used by, someone else in the United States before the date of invention, unless the knowledge or use was private or secret;
- in public use or on sale in the United States more than one year before the patent application was filed;
- patented by someone else before the date of invention or more than one year before the patent application was filed;
- described in a publication before the date of invention or more than one year before the patent application was filed;
- described in a published patent application filed in the United States or in a foreign country before the date of invention.

22

Instruction No. 59:  Section 102 Defenses - Prior Art – Definitions

**A.    "date of invention"**

The term "date of invention," as used in the previous instruction, means the date the patent application for the '850 patent was filed, that is, October 14, 2005, unless Peerless proves by a preponderance of the evidence that the invention was conceived and actually reduced to practice at an earlier date.  An invention is "conceived" when the inventor has formed the idea of how to make and use every aspect of the claimed invention.   An invention is "actually reduced to practice" when it is made or when the inventor determines that it will work for its intended purpose.

**B.    "on sale"**

A product is "on sale," as that term is used in these instructions, if it was the subject of a commercial offer for sale in the United States more than one year before the patent application date and if, at that time, there was a reason to believe that the product would work for its intended purpose. A single offer to sell, primarily for profit, rather than for experimental purposes, is sufficient, even if no actual sale was made.

**C.    "publication"**

To qualify as a "publication," as that term is used in these instructions, the reference must be disseminated or reasonably accessible to persons interested the field of the invention.

Instruction No. 60:   Section 102 Defenses - Elements

A patent claim is invalid if the invention it describes is not new. If there is "prior art" that already shows the same invention covered by a patent claim, then the claim is invalid because it is "anticipated" by the prior art.

Crimson contends Peerless's claims 1-7 and 9-11 of the '850 patent are invalid because they are anticipated by prior art.

To succeed on this contention, Crimson must prove two things by clear and convincing evidence as to each particular claim you are considering:

1.  All of the requirements of the claims you are considering are expressly stated or inherent in a single item of prior art; and

2.  A person of ordinary skill in the field of the invention, looking at the single prior art item, would be able to make and use the invention disclosed in the patent claim without an unreasonable amount of experimentation.   Whether the amount of experimentation is unreasonable depends on the complexity of the field of the invention and the level of expertise and knowledge of persons of ordinary skill in that field. If you find that Crimson has proved both of these by clear and convincing evidence as to a particular patent claim, then you must find for Crimson on that patent claim.

Instruction No. 61: Independent And Dependent Claims

Patent claims may exist in two forms, called independent claims and dependent claims. An independent claim stands on its own and does not refer to any other claim of the patent. A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the requirements of the other claim to which it refers, as well as the requirements in the dependent claim itself.

Earlier I described a hypothetical patent claim for a table that described the tabletop, four legs, and glue to hold the legs and tabletop together. That is an example of an independent claim. In that same hypothetical patent, a dependent claim might be one that stated, "the same table in the initial claim, where the table top is square."

Instruction No. 62: Obviousness

Crimson contends that claims 1-7 and 9-11 of Peerless's patent are invalid because they are obvious.

To succeed on this contention, Crimson must prove by clear and convincing evidence as to the particular claim you are considering that a person of ordinary skill in the field of the invention, who knew about all the prior art existing at the time the invention was made, would have come up with the invention at that time. Unlike anticipation, obviousness may be shown by considering two or more items of prior art in combination.

In deciding obviousness, you should put yourself in the position of a person with ordinary skill in the field at the time of the claimed invention. You must not use hindsight; in other words, you may not consider what is known now or what was learned from Peerless's patent. In addition, you may not use Plaintiff's patent as a roadmap for selecting and combining items of prior art.

In deciding obviousness, you may also consider whether a person of ordinary skill in the field would have been discouraged from following the path the inventor took, keeping in mind that Peerless is not required to show such discouraging factors.

In making your decision regarding obviousness, you should consider the following:

1.   The scope and content of the prior art. You may consider prior art that was reasonably relevant to the problem the inventor faced, including prior art in the field of the invention and prior art from other fields that a person of ordinary skill would consider when attempting to solve the problem.

2.   Any differences between the prior art and the invention in the patent claim.

3.  The level of ordinary skill in the field of the invention at the time of the invention.

4.  Any of the indications of non-obviousness described in the next instruction that are shown by the evidence.

<u>Instruction No. 63: Obviousness – Additional Factors Indicating Non-Obviousness</u>

In deciding obviousness you should consider any of the following factors that, if present in the case, may indicate the invention was not obvious.

- the invention achieved commercial success, so long as the commercial success resulted from the claimed invention, rather than from something else, such as innovative marketing:

- the invention satisfied a long-felt need;

- others failed in attempting to make the invention;

- others copied the invention;

- the invention achieved unexpected results;

- Crimson or others in the field praised the invention;

- others sought or obtained rights to the patent from the patent holder;

- experts or other persons of ordinary skill in the field of the invention expressed surprise at the making of the invention; or

- the inventors proceeded contrary to accepted wisdom.

Not all of these factors need be present. No single factor is more or less important than the others. These factors are merely to assist you in considering the question of obviousness.

28

Instruction No. 64:  Obviousness – Combining Of Prior Art References

Because most inventions are built on prior knowledge, the fact that each of the elements of the claim may be found in prior art is not enough, by itself, to prove obviousness. In determining whether Crimson has proved obviousness, you may combine multiple items of prior art only if there was an apparent reason for a person of ordinary skill in the field to combine them in the same way as in Peerless's claimed invention. In deciding this, you may consider, among other things, any of the following factors:

- what the prior art suggests about combining;
- the knowledge possessed by persons who had ordinary skill in the field of the invention at the time; and
- the effects of market pressures and design needs that existed at the time; and
- the number of identified and predictable solutions for those market pressures and design needs.

Instruction No. 65:   Person Of Ordinary Skill

Some issues in patent cases are determined by reference to a "person of ordinary skill in the field of the invention," a term that I have used and will use later in these instructions. In this case, the field of the invention is bracket design for television mounts.

It is up to you to decide the level of ordinary skill. In making this decision, you should consider all the evidence, including:

- the levels of education and experience of persons working in the field;
- the types of problems encountered in the field; and
- the sophistication of the technology in the field.

Instruction No. 66: Invalidity – Anticipation

Crimson contends that the invention covered by claims 1-7 and 9-11 of the '850 patent is not new because it was "anticipated" by the prior art. "Prior art," in general, includes anything that was publicly known prior to Peerless's invention.

To prove that a claim is anticipated by the prior art, Crimson must prove by clear and convincing evidence that each and every requirement of the claim is present in a single item of prior art and that a person with an ordinary level of skill in the field of the invention who looked at the prior art would have been able to make and use the invention disclosed in the claim.

<u>Instruction No. 67:  Damages - General</u>

If you find that Crimson has not shown by clear and convincing evidence that the claims of the '850 patent are invalid, then you must determine the amount of damages to award to Peerless as a result of Crimson's infringement. If, on the other hand, you find that Crimson has proved by clear and convincing evidence that each patent claim is invalid, then you will not award damages based on infringement.

I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find in favor of Peerless on the issue of invalidity, you are to award Peerless damages adequate to compensate Peerless for infringement. The damages you award are intended to compensate the patent holder, not to punish the infringer. Peerless must prove damages by a preponderance of the evidence.

Instruction No. 68:  Reasonable Royalty

Peerless seeks to recover as its damages a reasonable royalty.

A royalty is a payment made to the owner of a patent by someone else so that he can make the patented invention. A "reasonable royalty" is the amount Peerless and Crimson would have agreed upon as a royalty at the time Crimson's infringement began.

In determining a reasonably royalty, you should assume that Peerless would have been willing to allow Crimson to make the patented invention and that Crimson would have been willing to pay Peerless to do so. You should take into account what Peerless's and Crimson's expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both Peerless and Crimson would have believed that Peerless's patent was valid and infringed. You should also assume that Crimson would have been willing to pay, and Peerless would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what Peerless and Crimson would have agreed upon if they had negotiated in this manner, not just what either Peerless or Crimson would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Royalties that others paid to Plaintiff for the patented invention;

- Royalties that Defendant paid to others for comparable patents;

33

- Whether Plaintiff had a policy of licensing or not licensing the patents;

- Whether Plaintiff and Defendant are competitors;

- Whether use of the patented invention helps to make sales of other products or services;

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented invention over products not covered by the patent;

- The extent of Defendant's use of the patented invention and the value of that use to Defendant;

- Any royalty amounts that are customary for similar or comparable patented inventions;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by Defendant;

- Expert opinions regarding what would be a reasonable royalty.

<u>Instruction No. 69:  Requirement Of Notice (Claims Involving Products)</u>

Peerless can recover damages only for infringement that occurred after Peerless gave notice of its patent rights. Peerless must prove by a preponderance of the evidence that it gave notice.

There are two ways a patent holder can give notice of its patent rights.

The first way is to give notice to the public in general, by placing the word "patent" or the abbreviation "PAT." with the number of the patent on substantially all the products it sold that included the patented invention. This type of notice is effective from the date Peerless began to mark in this manner substantially all of its products that included the patented invention.

The second way to give notice of patent rights is by actually informing Crimson that it is infringing a particular patent and identifying the infringing product. This type of notice is effective from the time it is given.

If Peerless did not give notice in either of these ways before filing this lawsuit, then Peerless can recover damages only for infringement that occurred after it filed the lawsuit, on March 14, 2011.

Instruction No. 70: Definition Of Trade Secret

Peerless also claims that Crimson misappropriated its trade secrets.

Regarding Peerless's trade secret claim, you must first determine whether any trade secrets existed. A "trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, as to which

1.    The information is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its use or disclosure; and

2.    Peerless undertook reasonable efforts to maintain the secrecy or confidentiality of the information.

Peerless must prove the existence of its trade secret(s) by a preponderance of the evidence. In determining whether specific information is a trade secret, you may consider the following factors:

1.    The extent to which the information was known outside of Peerless's business;

2.    The extent to which it was known by employees and others involved in Peerless's business;

3.    The extent of measures taken by Peerless to guard the secrecy of the information;

4.    The value of the information to Peerless and to its competitors;

5.    The amount of effort or money expended by Peerless in developing the information; and

6.    The ease or difficulty with which the information could be properly acquired or duplicated by others.

That which is of general knowledge within an industry cannot be a trade secret; something which is fully and completely disclosed by a business through its catalogs or literature disseminated throughout an industry cannot be a trade secret; nor can matters which are readily and completely disclosed by the product itself constitute a trade secret.

Instruction No. 71: Trade Secret Misappropriation—Combinations Permitted

A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage.

Instruction No. 72: Trade Secret Misappropriation—Reasonable Efforts

You may determine that Peerless's efforts to maintain the secrecy of its technology were reasonable under the circumstances even if Peerless could have taken additional precautions. Peerless need not have taken every precaution.

Instruction No. 73: Trade Secret Misappropriation—Definition

If you find that Peerless has proven by a preponderance of evidence that any trade secrets existed, then you must decide whether Crimson misappropriated the trade secret(s).

Under the law, misappropriation means acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means. Here, "improper means" includes breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, through electronic or other means. Reverse engineering or independent development shall not be considered "improper means."

Misappropriation also means disclosure or use of a trade secret of a person without express or implied consent by another person who:

A.    used improper means to acquire knowledge of the trade secret; or

B.    at the time of the disclosure or use, knew or had reason to know that knowledge of the trade secret was:

      i.    derived from or through a person who utilized improper means to acquire it;

      ii.    acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

40

iii.     derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

iv.     before a material change in position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Instruction 74: Trade Secret Misappropriation – Burden

If you find that Peerless has proven by a preponderance of evidence that it possessed any protectable trade secret(s), then you must decide whether Crimson misappropriated Peerless's trade secret(s). It is Crimson's burden to prove by a preponderance of evidence that it did not misappropriate Peerless's trade secret(s).

<u>Instruction No. 75: Trade Secret Misappropriation—Use of Each Element Not Required</u>

The user of another's trade secret is liable even if he uses it with modifications or improvements upon it effected by his own efforts, so long as the substance of the process used by the actor is derived from another's secret.

Instruction No. 76: Trade Secret Misappropriation Damages

If you find

(a) that Peerless has proved the existence of a trade secret(s) and

(b) Crimson did not prove that it did not misappropriate any Peerless trade secret(s),

then you should find in favor of Peerless on this claim and determine what damages to award.

If, on the other hand, you find that either

(a) Peerless did not prove that it had any trade secrets(s), or

(b) Crimson proved that it did not misappropriate the trade secret(s),

then you should find for Crimson.

Instruction No. 77: Trade Secret Misappropriation—Unjust Enrichment

If you find in favor of Peerless on this claim, you must determine the amount of Crimson's actual gain as a result of the misappropriation of trade secret(s). You must start with Crimson's sales of products in which the trade secret(s) were used. Peerless has the burden of establishing by a preponderance of evidence the amount of Crimson's sales. Next, you must subtract from those sales all the costs incurred by Crimson that were attributable to making the sales. Crimson has the burden of establishing by a preponderance of evidence any portion that should be subtracted. The amount of money representing unjust enrichment need not be calculated to a mathematical certainty; rather, the parties only have to show a reasonable basis for their computations. At the same time, your determination should not be speculative. It must be based on the evidence in the case.

Instruction No. 78: Trade Secret Misappropriation—Enhanced Damages

If you find that Crimson misappropriated Peerless's trade secret(s), you may, but are not required to, award enhanced, or punitive, damages if you find that Peerless proved by a preponderance of evidence that Crimson willfully and maliciously misappropriated Peerless's trade secret(s). If you find that Crimson knew that it was misappropriating Peerless's trade secret(s), or was indifferent to whether its actions were misappropriation of trade secrets, and not simply that Crimson was aware that the information was a trade secret, then you may find that Crimson acted willfully.

The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Crimson and others not to engage in similar conduct in the future.If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

1. the reprehensibility of Crimson's conduct;

2. the impact of Crimson's conduct on Peerless;

3. the relationship between Peerless and Crimson;

4. the likelihood that Crimson would repeat the conduct if an award of punitive damages is not made;

5. Crimson's financial condition;

6. the relationship of any award of punitive damages to the amount of actual harm the Peerless suffered.

Instruction No. 79: Selection Of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Instruction No. 80:  Communication With Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.  If you send a communication to me, I will inform the attorneys for the parties and consult with them before I respond to you.  In the meantime, you should continue your deliberations.

Instruction No. 81:  Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.