**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEERLESS INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-cv-1768 |
| ) | |
| CRIMSON AV, LLC ) | Hon. Joan H. Lefkow |
| ) | |
| Defendants ) | |
| ) | |
| ) | |

**PEERLESS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO FED. R. CIV. P. 50(b) AND MOTION FOR A NEW TRIAL
PURSUANT TO FED. R. CIV. P. 59**

Pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure, Plaintiff Peerless Industries, Inc. ("Peerless") renews its motion for judgment as a matter of law finding that United States Patent No. 7,823,850 ("'850 Patent") is valid. Defendant Crimson AV, LLC ("Crimson") failed to present clear and convincing evidence at trial sufficient to prove that is invalid as anticipated, as obvious or for failing to set forth the best mode of carrying out the invention. Peerless moved for judgment as a matter of law on these issues at the close of Crimson's case (Dkt. 607) pursuant to Rule 50(a), but the Court did not grant that motion before the jury returned its verdict. Peerless now renews its motion. The Court should enter judgment as a matter of law that the '850 Patent is not invalid and set the case for a trial on damages, if the parties cannot agree on the amount of damages for Crimson's infringement.

**I.      LEGAL STANDARDS**

A motion for judgment as a matter of law asks whether the evidence presented, combined with all reasonable inferences permissibly drawn, is legally sufficient to support a verdict for the nonmoving party when viewed in the light most favorable to that party.  In *Winters v. Fru-con, Inc.*, 498 F.3d 734, 745-46 (7th Cir. 2007), the Seventh Circuit held that:

> "Under Rule 50, a court should grant judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). "The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion" except that the two motions are made at different times during the proceedings before the district court.  *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

*Winters,* 498 F.3d at 745-46 (some internal citations omitted); *see also Mathur v. Bd. of Trustees of S. Ill. Univ.*, 207 F.3d 938, 941 (7th Cir. 2000).  A mere scintilla of evidence is not enough.  *Willis v. Marion Cnty. Auditor's Office*, 118 F.3d 542, 545 (7th Cir. 1997).

A court should grant a motion for a new trial when, among other reasons, liability has been established, but the jury's verdict fails to award damages.  *See, e.g., LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 558 (D. Del. 2011) ("Because the jury did not calculate damages for infringement of the '130 patent by LG's French door refrigerators and claim 15 of the '601 patent, the court concludes that a new trial on damages is appropriate with respect to these issues.").

**II. ARGUMENT**

Patents are presumed valid. 35 U.S.C. § 282. An infringer can overcome this presumption only with "clear and convincing evidence" of invalidity. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). Crimson failed to introduce at trial clear and convincing evidence that any of the asserted claims were invalid on any ground. The Court therefore should enter judgment in favor of Peerless on Crimson's invalidity defenses and hold a new trial held on damages if the parties cannot agree on the amount of damages from Crimson's infringement.

**A. Peerless Is Entitled To Judgment As A Matter of Law Of No Invalidity For Anticipation Under 35 U.S.C. § 102**

The jury found that Claims 1-3 and 6-7 of the '850 Patent were anticipated by a purported TechCraft TRK50 bracket. To prove anticipation, Crimson was required to provide clear and convincing evidence that every limitation of the claims at issue is found in a single piece of prior art. *See Verdegaal Bros. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987). The Court should enter judgment for Peerless because (1) Crimson failed to prove that the TRK50 bracket qualified as prior art; and (2) Crimson failed to provide an adequate (claim element by claim element) invalidity analysis.

**1. Crimson Failed To Establish the TRK50 Bracket As Prior Art**

A patent is invalid if the invention was in public use in this country more than one year prior to the date of application for patent in the United States. 35 U.S.C. § 102(b). The party asserting public use bears the burden of showing by

3

clear and convincing evidence all of the facts that support the existence of a public use. *See, e.g.*, *Tone Bros. v. Sysco Corp.*, 28 F.3d 1192, 1197 n.4 (Fed. Cir. 1994). Crimson failed to prove that the TRK50 bracket presented at trial was in public use prior to the critical date of the '850 patent.

During the pendency of this litigation, Crimson purchased the TRK50 bracket that it presented as "prior art" at trial. (Trial Tr. at 1253:1-1255:15.) Crimson relied exclusively on Defendants' Exhibit 57—a printout of an Amazon.com webpage that bears the statement "Date first available at Amazon.com: September 14, 2004"—to establish the bracket constituted prior art. (DTX 57; Trial Tr. at 1252-53.) This printout constituted unauthenticated hearsay. Such unauthenticated hearsay, as a matter of law, does not constitute clear and convincing evidence of anticipation.

Nor does the Amazon.com printout prove what was on sale. The Court overruled Peerless' motion *in limine* stating its hearsay objection because "Gleyzer submitted an affidavit stating that Amazon.com offered the TRK50(b) on its website on September 14, 2004 (Dkt. 411-7 at 8), and is competent to testify that he saw the website and that the printout of the webpage accurately depicts the webpage as he saw it." (Dkt. 548 at 6.) However, Gleyzer did not testify to these facts at trial.[1] Nor did Crimson present any other witness to testify that he or she was aware of the TRK50 bracket prior to the filing of the application for the '850 Patent or to testify as to the practice and procedures at

---

[1] In his deposition, Mr. Gleyzer testified that he first became aware of the TRK50 bracket in connection with this litigation, not before, and not while he was employed at Peerless in 2004 and 2005. (6/4/2013 Gleyzer Dep. Tr. at 30:19-31:7, Ex. A hereto).

4

Amazon.com with respect to the "Date First Available" information on its website. As a matter of law, Crimson therefore failed to establish by clear and convincing evidence that the TRK50 Bracket constituted prior art.

### 2. Crimson Failed To Provide Any Element-By-Element Analysis of Anticipation

To establish anticipation under 35 U.S.C. § 102, an infringer must prove with clear and convincing evidence that a single piece of prior art discloses each claim limitation so that a person of ordinary skill in the art could practice the invention without undue experimentation. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1344 (Fed. Cir. 2012); *Retractable Tech., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1309 (Fed. Cir. 2011) (en banc). 'Anticipation requires the presence in a single prior art disclosure of all elements of a claimed invention *arranged as in the claim.*'" *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334-35 (Fed. Cir. 2008) (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (emphasis added)). "Although § 102 refers to 'the invention' generally, the anticipation inquiry proceeds on a claim-by-claim basis." *Id.* at 1334.

At trial, Crimson failed even to attempt to provide an element-by-element analysis linking every limitation of the '850 Patent to the TRK50 Bracket. Crimson also failed to present any testimony analyzing the TRK50 bracket from the perspective of one of ordinary skill in the art. Without evidence of how one of ordinary skill in the art would interpret the alleged prior art, there is not sufficient evidence for the jury to find that the TRK50 bracket discloses each limitation to one of ordinary skill in the art.

Crimson cannot avoid the element-by-element requirement by merely proffering evidence that select elements, even if characterized as the "heart" of the invention, existed in the prior art. An element-by element analysis applying the claim language is always required. *See, e.g., Finisar*, 523 F.3d at 1334–35 (remanding certain claims for a new trial where defendant failed to prove that each limitation of certain claims, as arranged in those claims, was present in the prior art); *Sensormatic Elecs. Corp. v. Tag Co. US*, 632 F. Supp. 2d 1147, 1166-67 (S.D. Fla. 2008) (granting judgment as a matter of law of no invalidity where defendant failed to provide clear and convincing evidence that the each and every limitation of any of the asserted claims were on sale prior to the critical date of the patent at issue); *Nextec Applications v. Brookwood Cos.*, 703 F. Supp. 2d 390, 425 (S.D.N.Y. 2010) (granting summary judgment where party failed to provide element-by-element analysis); *Douglas Press, Inc. v. Arrow Int'l, Inc.*, No. 95-CV-3863, 1999 U.S. Dist. LEXIS 23137, at *40-45 (N.D. Ill. Feb. 5, 1999) (rejecting position that invalidity can be proven by demonstrating the "heart" of the invention existed in the prior art without an adequate element-by-element analysis). For this reason, courts ordinarily require expert testimony to establish invalidity. *See, e.g., Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) (affirming district court grant of judgment as a matter of law where party did not provide any expert testimony to establish invalidity).

Crimson did not offer any expert testimony in support of its invalidity defense, and did not even attempt to provide an element-by-element analysis

6

linking every element of the asserted claims of the '850 patent to a single piece of prior art. Instead, Crimson simply elicited testimony regarding select features (not claim elements) of the '850 patent. For example, Crimson focused almost entirely on the ramping features of the '850 patent, to the neglect of the remaining limitations of the claims at issue. (*See, e.g.*, Trial Tr. at 913:24-25 ("Q: Those brackets have ramps, do they not? A. Yes, they do"), 914:23-915:2 ("Q: Are there ramps? A. I don't know—what would you qualify as ramps? If it's back side of the bracket, technically speaking? Q. The curvature. A. Curvature? Yeah, there is a curvature.").) Crimson also provided no testimony that the features indentified were arranged as in the claims.

Crimson's failure to provide any element-by-element analysis of the claimed invention to a single prior art reference and failure to consider the elements *arranged as in the claim* renders Crimson's proof inadequate to support an anticipation finding as a matter of law. *See Finisar*, 523 F.3d at 1334-35. Accordingly, Peerless is entitled to judgment as a matter of law that the '850 patent is not invalid as anticipated under 35. U.S.C. § 102.

**B. Peerless Is Entitled To Judgment As A Matter of Law Of No Invalidity Due To Obviousness Under 35 U.S.C. § 103**

Crimson failed to introduce sufficient evidence to support a holding that any claim of the '850 patent invalid as obvious in view of any prior art combination under 35 U.S.C. § 103. A patent is invalid only "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said

subject matter pertains." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1068 (Fed. Cir. 2012).

Obviousness is a question of law based on subsidiary factual findings, including: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness. *Id.* at 1068. A party seeking to invalidate a patent for obviousness must demonstrate by clear and convincing evidence "that a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and the skilled artisan would have had a reasonable expectation of success from doing so." *Id.* at 1068-69.

Crimson failed to provide sufficient evidence (1) that the TRK50 bracket is prior art; (2) that the VMPL2 bracket is prior art; (3) of the level of ordinary skill in the art at the time of the invention; and (4) of the alleged prior art compared to the claim limitations from the perspective of one of ordinary skill in the art. There accordingly is insufficient evidence to support the jury's verdict and judgment should be entered for Peerless that Crimson did not prove that the asserted claims are invalid as obvious.

*Scope and Content of Prior Art.* Crimson did not provide sufficient evidence to prove that the TRK50 bracket is prior art to the '850 Patent. For that reason alone, the jury's obviousness verdict cannot stand. Similarly, Crimson did not offer sufficient evidence to prove that the VMPL2 bracket is prior art. No witness testified that the VMPL2 bracket was for sale prior to the

8

invention of the '850 Patent or more than one year prior to the application for the '850 Patent.

*Differences Between the Claims and the Prior Art.* Just as with its anticipation defense, Crimson never mapped the claim elements to any prior art, let alone identified any specific combination of alleged prior art that together met the limitations of each and every element of any asserted claim.[2] Crimson also provided no testimony from one of ordinary skill in the art.

Further, Crimson failed under the more rigorous obviousness inquiry to set forth the scope and content of the prior art, provide an element-by-element analysis of the claims, or provide evidence sufficient to establish the person of ordinary skill's motivation to combine the identified references. Absent such evidence, there is no basis to find the '850 patent obvious. *See Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1354 (Fed. Cir. 2001) (finding conclusory statements from a witness regarding invalidity, without more, insufficient to prove invalidity); *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1375 (Fed. Cir. 2012) (affirming summary judgment of validity where party failed to offer evidence that inventor would look to nonanalogous prior art); *Gart v. Logitech, Inc.*, 254 F. Supp. 2d 1119, 1128-29 (C.D. Cal. 2003) (rejecting conclusory statements of combination without analysis as insufficient to invalidate on obviousness grounds and denying summary judgment); *Zip Dee, Inc. v. Dometic Corp.*, 949 F. Supp. 653, 655

---

[2] Crimson first identified a combination of alleged prior art references which it argued together met each limitation of the asserted claims during Closing. But even then, Crimson did not provide argument on a limitation-by-limitation basis.

(N.D. Ill. 1996) ("Although the experts do mention a handful of items of prior art . . . they included none of the necessary linkage with the elements of [plaintiff's] patent claims . . . [n]or did [defendant] provide the information as to the combination of references required for a Section 103 obviousness defense.").

### C. Peerless Is Entitled To Judgment As A Matter of Law of No Invalidity For Failing To Disclose Best Mode Under 35 U.S.C. § 112

Crimson failed to put forth sufficient evidence for a reasonable jury to find the '850 patent invalid for failing to disclose the best mode. To establish invalidity for failing to disclose the best mode under 35 U.S.C. § 112, Crimson had to show that the inventors possessed a best mode of practicing the claimed invention at the time of filing and that the inventors concealed the best mode of practicing from the public. *See Ateliers De La Haute-Garonne v. Broeje Automation USA Inc.*, 717 F.3d 1351, 1356-57 (Fed. Cir. 2013).

The first determination requires a subjective inquiry into the inventor's preference for a best mode of practicing the invention at the time the application for the patent was filed. *Id.* at 1357. Awareness or use does not establish preference. (*See* Dkt. 483 at 12.) Here, the relevant date is the filing of the provisional application on October 14, 2005. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1373 (Fed. Cir. 2011). Mr. Lam testified that no material changes were made to the specification of the '850 patent after the filing of the provisional application. (Trial Tr. at 503:21-504:12.) No

10

reasonable jury could find that the '850 patent is not entitled to the filing date of the provisional application.

The second determination requires an objective inquiry into whether the inventor concealed the best mode of practicing the invention from the public. *Id.* (citing *Star Scientific*, 655 F.3d at 1373). It is the inventor's preference at the time of filing the application (or, in this case, the time of filing the provisional application on which the '850 patent relies). *See Star Scientific*, 655 F.3d at 1373 (determining best mode as of priority date).

Crimson's best mode defense is based on an alleged failure to disclose the best mode of "the guiding surface." More specifically, that "the guiding surface" (1) functions to retain a safety screw, and (2) the box-fold type of bridge plate construction is the best mode for retaining the screw.

William Lam is the only inventor who testified at trial, and thus the only witness whose preference matters in the analysis. Mr. Lam testified that use of a safety/security screw was known in the prior art. (Trial Tr. 509:1-13; 1004:25-1005:10.) There can be no concealment of something that is known in the art. Crimson also offered no evidence that one of ordinary skill in the art would not understand that the hole was for a screw.

Additionally, there was no testimony from Mr. Lam that he had any preference between a welded plate or a folded tab design. (*See, e.g.,* Trial Tr. at 1006:14-1007:3 ("Q. Functionally does it save—does it provide the same function as the cross plates that you had on—the longitudinal plate that you had on the prior parent? A. It does the same job. . . . Q. And which method is

11

easier to manufacture? A. Depends. If you have—for low volume, the weld if by far the easier one. It's a micro-fraction the cost of the other one. Q. If you have high volume? A. High Volume. I was told that this is a better method. Q. Of those two this is the better method? A. I was told by the manufacture engineer this is cheaper."), 1008:25-1009:3 ("Q. But the box fold is easier to manufacture. A. I assume so. Q. Okay. And--. A. I wasn't involved in the manufacturing for that."), 1014:7-10 ("Q. Because it's better? A. It's a cheaper design. Q. Which the boss likes. A. Somebody upstairs, yes."). Although Mr. Lam was made aware by manufacturing of the box-fold method of manufacture, no reasonable jury could find clear and convincing evidence that Mr. Lam, himself, had a preference or opinion as to whether any design was best. Peerless is entitled to judgment as a matter of law that the '850 patent is not invalid for failing to disclose the best mode under 35. U.S.C. § 112.

### D. A New Trial On Damages Is Necessary To Compensate Peerless for Crimson's Infringement.

The Court has already held that Crimson infringed the '850 Patent. As set forth above, the jury's verdict of invalidity is not supported. Accordingly, a new trial is necessary to set the amount of reasonable royalty to which Peerless is entitled for Crimson's infringement.

### III. CONCLUSION

For the reasons set forth above, Peerless requests that the Court enter judgment as a matter of law pursuant to Federal Rule of Evidence 50(b) that Crimson failed to introduce sufficient evidence to prove (1) that any claims of the '850 Patent are invalid as anticipated; (2) that any claims of the '850 Patent

12

are invalid as obvious; and (3) that the claims of the '850 Patent are invalid for violation of the best mode requirement and set the case for trial on damages for Crimson's infringement.

Dated: July 20, 2016                       Respectfully submitted,

                                                 /s/ Aaron J. Weinzierl
                                                 James D. Dasso
                                                 Aaron J. Weinzierl
                                                 R. Spencer Montei
                                                 FOLEY & LARDNER LLP
                                                 321 North Clark Street
                                                 Chicago, Illinois 60654-5313
                                                 Telephone: 312.832.4500
                                                 Facsimile: 312.832.4700
                                                 Email: jdasso@foley.com
                                                 aweinzierl@foley.com
                                                 rmontei@foley.com

                                                 *Attorneys for Plaintiff,*
                                                 *Peerless Industries, Inc.*

**CERTIFICATE OF SERVICE**

    I, Aaron J. Weinzierl, an attorney, certify that on July 20, 2016, I caused the foregoing Plaintiff's Renewed Motion For Judgment As A Matter Of Law Pursuant To Fed. R. Civ. P. 50(b) And Motion For A New Trial Pursuant To Fed. R. Civ. P. 59 to be filed with the Clerk of Court using the CM/ECF system, which will send notice of filing to all counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                /s/ Aaron J. Weinzierl